The State v. Richards.

THE STATE v. RICHARDS.

Criminal law: RAPE: EVIDENCE. In a prosecution for rape, the *fact* that the prosecutrix made complaint of the injury, soon after the occurrence, is admissible on the part of the State, but the *particulars* of such complaint or what she said in respect thereto are not.

*Appeal from Pottawattamie District Court.*

SATURDAY, FEBRUARY 24.

INDICTMENT and conviction for rape.    Defendant appeals.

*Clinton, Hart & Brewer* for the appellant.

*Henry O'Conner*, attorney-general, for the State.

MILLER, J. — On the trial the court gave to the jury the following instruction, which was excepted to, and the giving of which is assigned as error, namely:

"It becomes your duty, gentlemen, to very carefully consider all the circumstances elicited in evidence, that you may thereby correctly determine the truth of the charge here made. You should, therefore, well consider the age of the prosecuting witness; the opportunities the defendant had to commit the crime; whether by the other evidence the prosecuting witness is corroborated or contradicted, and, in this connection, I think it proper to say to you that what the prosecuting witness recently said after the occurrence, before there was any possibility of her having been tampered with by designing persons, may be considered in corroboration of her testimony in court. In the light of all the circumstances thus considered, you should determine the issue."

The prosecutrix on the trial testified that, at the time of the commission of the act, she was living at the house of

Henry Fisher; that the family were all away from home; that, immediately after the act was committed, she went to her uncle's house — that of J. H. Wilson — about two miles and a half from Fisher's and told her aunt, Mrs. Wilson, and her sister, who was there, what the defendant had done to her, and that she with her uncle and aunt went back to Fisher's the same day.

Neither the aunt nor sister were called to testify of the prosecuting witness making complaint to them, but her uncle was called and testified that, on the way from his house to Fisher's, in company with his wife and the prosecutrix, on the day of the commission of the alleged offense, he questioned her in regard to the transaction, and that she told him that George Richards had committed a rape on her;. "that, in trying to get away from Richards, in the struggle she fell down; that she then managed to get away from him and went into another room; that there he threw her on the floor," etc.

It is a well-settled rule that where the prosecutrix, in an indictment for rape, is examined as a witness, the *fact* of her making complaint is evidence, but the *particulars* of such complaint are not. Whart. Am. Cr. Law (3d ed.) 522, 306; 1 Russell on Cr. (6th Am. ed.) 658; *The People* v. *McGee*, 1 Denio, 19; 3 Greenl. Ev., § 213; 2 Bishop on Cr. Proc. §§ 911, 912.

The rule, as laid down by Greenleaf, is as follows: " Though the prosecutrix may be asked *whether she made complaint of the injury*, and when and to whom, and the person to whom she complained is usually called to prove *that fact*, yet, the particular facts which she stated are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask her whether she has made complaint that such an outrage has been perpetrated upon her, and to receive only a simple " yes " or " no." Indeed,

the complaint constitutes no part of the *res gesta* ; it is only a *fact* corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible." Vol. 3, § 213.

The instruction, when applied to the evidence, was in contravention of the rule. If it had limited the corroboration to the *fact* of complaint having been made, it would have conformed to the rule of evidence above cited, but it went beyond this, and told the jury they might consider what the prosecutrix recently said about the occurrence; not only the fact that she had made complaint, but also the particulars of it, as she had stated them, and as detailed by the witness Wilson in corroboration of her testimony. This evidence of her statements was admitted — without objection, it is true — but it was nevertheless incompetent; and the instruction gave it the force and effect of legal evidence, competent to corroborate the statements of the prosecuting witness, which it was not.

The particulars of her statement were not admissible, nor competent to corroborate her, though admitted. The instruction, therefore, giving the force of competent evidence to that which was incompetent, was erroneous to defendant's prejudice.

For this error, the judgment must be

Reversed.