## THE STATE v. CLARK.

1. **Rape:** EVIDENCE: DECLARATIONS OF PROSECUTRIX. Though the prosecutrix in a case of rape may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove *that fact*, yet the particular facts which she stated are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. (See *State v. Richards*, 33 Iowa, 420.)

*Appeal from Henry District Court.*

MONDAY, JUNE 21.

THE defendant was indicted for the crime of rape. He was tried by jury, and convicted of an assault with intent to commit a rape. He appeals.

*L. G. & L. A. Palmer*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—It appears from the evidence that the defendant was at New London, in Henry county, on the afternoon of the twenty-fifth day of August, 1884, with a lumber wagon and two horses. He left that place in the evening of that day, and, at his solicitation, Margart Gallagher, a girl aged fourteen years, accompanied him, riding in his wagon to his home at Mount Pleasant, a distance of nine or ten miles. He and the girl did not arrive at Mount Pleasant until the next morning. She testified, as a witness upon the trial, that while on the journey the defendant drove his wagon off the road into a field, and turned his horses out to graze, and remained there all night, and that during the night the defendant frequently attempted to have sexual intercourse with her forcibly and against her will. She remained at the home of defendant all of the next day, and returned to her home late in the evening. The alleged offense was committed on Monday night. The mother of the prosecutrix was at that time absent at Council Bluffs. Some three days thereafter the girl wrote a letter to her mother, in which she not only made complaint of having been assaulted by the defendant, but detailed all of the particulars attending the same in about the same manner, in substance, as she stated the same as a witness on the trial. Her mother received the letter on Friday night, and she arrived at home on Saturday. Upon her return her daughter detailed to her all the alleged facts attendant upon the outrage upon her. The mother was sworn and examined as a witness upon the trial of the case, and she was permitted, over the defendant's objection, to detail to the jury all of the facts communicated to her by her daughter on Saturday, and said letter was introduced in evidence and read to the jury.

Counsel for the defendant claim that all of said evidence

was inadmissible, and that it was improperly and erroneously admitted, and we think their position in reference thereto is correct. In 3 Greenl. Ev., § 213, it is said: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove *that fact*, yet the particular facts which she stated are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination the practice has been merely to ask her whether she has made complaint that such an outrage has been perpetrated upon her, and to receive only a simple 'Yes' or 'No.' Indeed, the complaint constitutes no part of the *res gestæ;* it is only a fact corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible." This court has adopted the rule above announced. *State v. Richards*, 33 Iowa, 420.

For the error in admitting said letter, and the detailed statement of the alleged assault, the judgment of the district court will be

REVERSED.