STATE OF IOWA v. ISAAC WHEELER, Appellant.

**Rape:** CORROBORATION. Mere opportunity, bruises on prosecutrix for rape, and the fact that she made complaint, it not being part of the *res gestae*, is not enough to make her "corroborated by other evidence tending to connect defendant with commis- sion of the offense," as required by Code, section 5488.

*Appeal from Boone District Court.*—HON. J. R. WHITAKER, Judge.

WEDNESDAY, APRIL 9, 1902.

THE defendant was accused of the crime of rape, and convicted of an assault with intent to commit rape, upon one Mathilde H. Schaublin. He appeals.—*Reversed.*

*Whitaker & Dale* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

LADD, C. J.—The prosecutrix, at the time of trial, was nearly 14 years old; the defendant past 68, and had been married 49 years. She had been stopping temporarily at his home for about five weeks, and left early Friday morn- ing before Christmas, 1900. She testified that defendant had attempted to have sexual intercourse with her that morning and several times previous. The bed in which she slept was in the same room as that occupied by defend- ant and his wife, and, according to her story, these attempts were made, not only when the wife was in the room and in the neighboring bed, but with her connivance and encour- agement. All this was denied by defendant and his wife, but their credibility, as well as that of prosecutrix, was solely for the jury to pass upon. Her testimony alone could

have been accepted as establishing the *corpus delicti*. *State v. McLaughlin,* 44 Iowa, 82. But was it "corroborated by other evidence tending to connect the defendant with the commission of the offense?" Section 5488, Code. Mere opportunity was not enough. *State v. Chapman,* 88 Iowa, 254. Nor was the fact of her genital organs being bruised and the making of complaint. *State v. Stowell,* 60 Iowa, 538. Evidently the existence of marks and bruises on the person do not alone even tend to point out the person who caused them; and, while evidence of complaint by the prosecutrix, if recently made, has uniformly been received, it has never been regarded, unless forming part of the *res gestae,* as original or independent evidence. *State v. Emeigh,* 18 Iowa, 122; *State v. Mitchell,* 68 Iowa, 116; *Lawson v. State,* 17 Tex. App. 292; *Johnson v. State,* 17 Ohio, 593; *State v. De Wolf,* 8 Conn. 93 (20 Am. Dec. 90); *Griffin v. State,* 76 Ala. 29; *Thompson v. State,* 38 Ind. 39. Failure to complain, or delay in the prosecution because of the nature of the accusation, is looked upon as a suspicious circumstance; and, to repel the inference that the story may have been a mere fabrication, which otherwise might be drawn, such evidence is admitted as tending to confirm or corroborate the statements of the injured party. *State v. Cook,* 92 Iowa, 483. As said in 2 Starkie, Evidence, p. 699: "It is a test applicable to the accuracy as well as the veracity of the witness." "Such evidence is received to show constancy in the declaration of the witness. If a female testifies that such an outrage has been committed upon her person, an inquiry is at once suggested why it was not communicated to her female friends. To satisfy this inquiry, it is reasonable that testimony shall be received to confirm her story." *State v. De Wolf, supra.* However much the authorities may be in conflict as to the extent particulars of the complaint may be detailed, all seem to agree that the effect of such testimony is limited to testing the accuracy and veracity of the witness. Thus Baron Parke, in *Reg. v. Guttridge,*

9 Carr. & P. 471, where the prosecutrix was called, but did not appear, to the proposal to make proof of the complaint, said, "I think the safest course to reject the evidence, as it is not part of the *res gestae,* but merely confirmatory evidence." And in *Phillips v. State,* 9 Humph. 246 (49 Am. Dec. 709), the court declared that: "It is certainly true that proof of the particulars of the complaint made by the injured party cannot be admitted as original evidence to prove the truth of the statements, or to establish the charge made against the prisoner, because not made in his presence, and likewise because the ordinary tests which the law has provided for the ascertainment of truth are wanting, viz, the sanction of a judicial oath and the opportunity for cross-examination. And if this be the proper meaning and extent of the rules as laid down in the last authorities referred to, it is unquestionably correct. Such evidence is only admissible in confirmation of the witness, or to repel the presumption that her statement is a fabrication." And, generally, if for any reason—as incompetency, immature age, or death—the injured female is not produced as witness, proof of statements by her are not received. *People v. McGee,* 1 Denio, 19; *Weldon v. State,* 32 Ind. 81; *People v. Graham,* 21 Cal. 261; *Reg. v. Nicholas,* 2 Car. & K. 246; *State v. Myers,* 46 Neb. 152 (64 N. W. Rep. 697, 37 L. R. A. 423). See note to *Smith v. State,* 12 Ohio St. 466 (80 Am. Dec. 371). In view of the object of such evidence, it would seem that proof of the fact of complaint and of what made, save when particulars are elicited on cross-examination or in confirmation of her testimony after it has been impeached, would fully meet its purpose, and such is the rule in this state. *State v. Richards,* 33 Iowa, 420; *State v. Mitchell,* 68 Iowa, 116; *State v. Watson,* 81 Iowa, 380; *State v. Clark,* 69 Iowa, 294. Thereby the injured party is shielded from unjust inferences, and society guarded, in a measure against the possible machinations of designing and evil-minded females. Of course, the complaint may be so closely

connected with the transaction as to form part of the *res gestae*. See *People v. Gage,* 62 Mich. 271 (28 N. W. Rep. 835, 4 Am. St. Rep. 854); *McMath v. State,* 55 Ga. 303. No claim of the kind, however, is made in this case. The evidence of complaints, being so limited, cannot be treated as substantive evidence tending to point out the accused as the one guilty of the commission of offense. Indeed, many decisions are to the effect that the name, even of the alleged ravisher, may not be shown to have been disclosed in the complaint. *Griffin v. State,* 76 Ala. 29; *People v. McGee,* 1 Denio, 19; *Reg. v. Osborne,* Car. & M. 622. See *Burt v. State,* 23 Ohio St. 394. Such a restriction seems to have been regarded as impracticable in this state. See *State v. Watson, supra; State v. Cook, supra.* Nevertheless, mention of the name of the accused furnishes no substantive proof of his guilt, and like other portions of the complaint, is simply corroborative of the accuracy of the recollection and veracity of the accused. Save for this purpose, it was mere hearsay, and entitled to no consideration. As the record contains no evidence, other than that of the prosecutrix, tending to connect the accused with the commission of the offense, the judgment must be REVERSED, and the cause remanded for new trial.