STATE OF IOWA, Appellee, v. CHARLES ANDREWS, Appellant.

Rape: COMPLAINT PROOF OF SAME. On a prosecution for rape
1 proof of the complaint made by prosecutrix should not go to
   all the details of what she said, unless a part of the *res gestæ*,
   but enough may be proven to show that defendant's act of
   which she complained was criminal.

Sentence., The discretion of the trial court in imposing a life sen-
2 tence upon one convicted of rape on a girl of eight years,
   under the circumstances shown, is upheld.

*Appeal from Polk District Court.*— HON. W. H. MCHENRY,
Judge.

TUESDAY, NOVEMBER 14, 1905.

Rehearing denied May 24, 1906.

DEFENDANT was indicted, tried, and convicted of the
crime of rape upon a female child eight years of age, and
appeals to this court.— *Affirmed.*

*John Newburn, for appellant.*

*Charles W. Mullan,* Attorney General, *Lawrence De
Graff,* Assistant Attorney General, and *Jesse A. Miller,*
County Attorney, for the State.

DEEMER, J.— I. For a reversal of the judgment, de-
fendant relies upon the insufficiency of the evidence, and also
upon a ruling of the trial court admitting testimony of com-
plaints made by the child immediately after the offense is
said to have been committed.

As to the first point it is contended that there was not
sufficient evidence of penetration. We have carefully gone
over the record, and find ample evidence from which the jury

may have found this element of the crime established. The shocking details of the affair may well be omitted. It is quite enough to say that there is nothing in appellant's contention. That there was a rupture of the hymen is established beyond all controversy, and there is ample testimony to show that it was brought about in the manner charged.

II. The father and mother of the prosecuting witness were each allowed to testify to certain statements made by her almost immediately after the assault upon her. To the

1. RAPE: complaint: proof of same:

father she said that defendant "threw her down, and raised her clothing." To the mother she said that defendant "threw her down, unbuttoned her panties, and hurt her." That voluntary complaints made by a prosecuting witness are admissible in such cases is hornbook law. Appellant contends, however, that the testimony quoted was something more than a complaint, that it was a narrative of what occurred, rather than a complaint. Under our rule the testimony was admissible. In this state it is proper to show complaints made by the prosecuting witness as to who her assailant was, and as to what he did to her. *State v. Hutchinson,* 95 Iowa, 566, and cases cited. Of course, it is not proper to show all the details of the complaint, unless they may be said to be part of the *res gestœ.* But it is proper to show that she named the party, and enough of her complaint may be detailed to show of what act of the defendant she complained; that is to say, that what he did was criminal. Where the prosecutrix is a very young child, as in this case, the rule is not applied with the same strictness, as where she is an adult, or has reached such an age as to have an understanding of such matters. *People v. Gage,* 62 Mich. 271 (28 N. W. 835, 4 Am. St. Rep. 854); *State v. Peterson,* 110 Iowa, 647; *People v. Marrs,* 125 Mich. 376 (84 N. W. 284); *Hannon v. State;* 70 Wis. 448 (36 N. W. 1); *Bannen v. State,* 115 Wis. 317 (91 N. W. 107). There was no error in the admission of the testimony complained of.

III. Defendant was sentenced to life imprisonment, and it is contended that the judgment is excessive. The offense is a serious one, and if there may be a case where such a sentence is proper this is one. The trial court is of necessity vested with a large discretion in such matters, and with its judgment in this case we are not disposed to interfere.

2. SENTENCE.

The judgment is *affirmed*.