STATE of Iowa, Appellee,

v.

Thomas GRADY, Appellant.

No. 54384.

Supreme Court of Iowa.

Feb. 9, 1971.

Arthur H. Johnson and Dale A. Johnson, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., David A. Opheim, County Atty., Fort Dodge, for appellee.

MASON, Justice.

Defendant Thomas Grady, twenty-two, was charged by county attorney's information, tried and convicted by a jury of the crime of rape contrary to section 698.1, Code, 1966. Motions in arrest of judgment and for new trial were overruled and defendant was sentenced to imprisonment in the men's reformatory for a period of 10 years. The case must be reversed.

Defendant appeals assigning eight errors relied on for reversal. In view of our disposition of the appeal some asserted errors will probably not occur in a retrial and will therefore not be passed upon. Others will be considered for the purpose of furnishing guidelines to be followed in a retrial. As we discuss defendant's assignments the grounds asserted will be amplified.

Defendant admitted intercourse with prosecutrix but denied the act was accomplished with force or against her will.

The incident from which the criminal charge arose occurred October 28, 1969. Prosecutrix, fifty-one, had been drinking whiskey with friends earlier in the evening. Around 10:30 she went to a tavern in Fort Dodge to make a telephone call. After getting change from the tavern operator to make the call, prosecutrix asked defendant who had been playing pool if he would dial the number as she had left her glasses at home. After abandoning efforts to complete the call, defendant asked her to buy him a beer which she did.

There was some conversation between defendant and prosecutrix about him giving her a ride home. In any event, they both got in the front seat of defendant's car accompanied by another boy whom she did not know.

After stopping to purchase more liquor, the two boys drove her to a gravel road near Kalo and parked. According to her version, prosecutrix asked to be let out but the boys insisted they were going to give her a ride home. At this point the other boy hit her on the back of the head. She then jumped out of the car but defendant and his companion put her back. Each had intercourse with prosecutrix then drove her back to a filling station in Fort Dodge where they let her out.

Prosecutrix went home, talked to her husband, later went to a friend's house and called the police who took her to the hospital where she remained until the following morning.

I. The factual background from which defendant's eighth assignment of error stems occurred after evidence was completed, arguments concluded, and instructions given. The jury had commenced its deliberation about 11:45 a. m. Ten hours or more later, the court called the jury back into the courtroom without advising defendant's counsel of its intention to do so and, outside the presence of defendant and his counsel, attempted to further instruct the jury. There is no contention a reasonable effort was made to notify defendant or his counsel or procure their attendance. No record being made of this proceeding, there is uncertainty as to the contents of the instruction communicated to the jury. Within one hour the jury returned a verdict of guilty. Neither defendant nor his attorneys were aware of what took place until later.

Defendant urged the foregoing facts as the eighth ground in his motion for new trial. They are set forth in affidavits of defendant, his two attorneys and a member of the jury.

Defendant contends the court thus committed reversible error since section 777.19, Code, 1966 provides:

"Personal presence at trial. If a felony is charged, the defendant must be personally present at the trial, but the trial of a misdemeanor may be had in his absence, if he appears by counsel."

"While the jury is deliberating, the court may in its discretion further instruct the jury. Rule 197, Rules of Civil Procedure, states: 'While the jury is deliberating, the court may in its discretion further instruct the jury, in the presence of or after notice to counsel. Such instruction shall be in writing, be filed as other instructions in the case, and be a part of the record and any objections thereto shall be made in a motion for a new trial.' Such instructions, of course, are to be governed by the same rules applicable to the giving of instructions prior to jury deliberation. 53 Am.Jur., Trial, § 948." Brown v. Lyon, 258 Iowa 1216, 1220, 142 N.W.2d 536, 538.

This statement from the opinion in State v. Register, 253 Iowa 495, 504–505, 112 N.W.2d 648, 653 is well-adapted to defendant's contention:

"* * * In State v. Wilcoxen, 200 Iowa 1250, 1252, 206 N.W. 260, we held, under section 13806, Code of Iowa, 1924, now section 777.19, Code of Iowa, 1958, I.C.A., the defendant was entitled to be present when additional instructions were given and the failure to have him present is reversible error. In State v. Harding, 81 Iowa 599, 47 N.W. 877, an oral explanation of instructions, not reduced to writing until a verdict had actually been reached, was held to be reversible error.

"Private communications between the trial court and jurors are universally condemned. Where the record affirmatively shows the communication had no tendency to influence the verdict a reversal is not required. If the record shows affirmatively defendant has been prejudiced there would be reversible error; likewise where the record is silent as to the possibility of prejudice, it would be presumed to be so and a new trial should be granted. * * * [citing authorities]."

The case before us is factually comparable to State v. Register, supra and Daniels v. Bloomquist, 258 Iowa 301, 306–307, 138 N.W.2d 868, 871–872. In the last cited case we discuss the necessity of preserving jury deliberations from the appearance of improper influences. State v. Fiedler, 260 Iowa 1198, 1205–1206, 152 N.W.2d 236, 241–242 is distinguishable. An examination of the record in State v. Kelley, 161 N.W.2d 123, 126 (Iowa 1968) reveals defendant and his counsel were personally present when the court gave the instruction to the jury after it had been deliberating approximately 22 hours. A portion of the instruction in the cited case was approved by defendant's counsel and a part objected to. This is not the situation in the present case.

Recently we have said not every communication between judge and jury after the jury's retirement to deliberate on a verdict is an instruction, State v. Fiedler, 260 Iowa at 1206, 152 N.W.2d at 240. Because of the manner in which the additional instruction was communicated to the jury, we have no way of determining its effect on the jury. However, the conduct described is so tainted with suspicion as to constitute prejudicial error requiring a new trial.

State v. LaMar, 260 Iowa 957, 150 N.W. 2d 496 relied on by the State in resisting this assignment of error involves a completely different procedural question and does not aid the State here.

II. In another assignment defendant asserts the court's remarks injected into the record in the jury's presence created a situation which made it impossible for defendant to have a fair trial.

This court recognizes that remarks may be made by court or counsel in the heat

of battle which on reflection in a less-tense situation would not have been voiced. However, " * * * the court should at all times be cautious of what he says and does when a jury is present. 23 C.J.S. Criminal Law § 987, p. 995; 53 Am.Jur. 75, Trial 76. They are particularly sensitive to a judge's views and the revelation of his feelings toward the parties, counsel or witnesses may influence the jury more than the evidence. See Pickerell v. Griffith (1947), 238 Iowa 1151, 1164–1165, 29 N.W.2d 588, 595–596; State v. Philpot (1896), 97 Iowa 365, 369, 66 N.W. 730, 732.

"At this time the courts are acutely aware of defendant's right to a fair trial and it is essential for trial courts to be impartial and circumspect in the treatment of defendant, his counsel and witnesses. See Annotation 62 A.L.R.2d 166, Conduct of Court—Rebuking Counsel. 'It is vastly more important that the attitude of the trial judge should be impartial than that any particular defendant, however guilty he may be, should be convicted.' Hunter v. United States (5th Cir. 1932), 62 F.2d 217, 220." State v. Kimball, 176 N.W.2d 864, 867 (Iowa 1970).

■ We would hesitate to reverse on this assignment alone but, on retrial, court and counsel should carefully avoid any comment likely to arouse prejudice against defendant in the minds of the jury. State v. Kimball, supra.

III. In one assignment defendant contends the court erred in receiving into evidence over his objection certain articles of apparel claimed to have been worn by the complainant at the time of the incident in question.

He argues it is necessary to establish a complete chain of evidence, tracing possession of the exhibit from the witness to the final custodian, and if one link in the chain is entirely missing, the exhibit cannot be introduced into evidence.

"The rule followed in this jurisdiction is found in second paragraph of 29 Am. Jur.2d Evidence, section 774, page 845: 'The party offering the object or article in evidence must also show that, taking all the circumstances into account, including the ease or difficulty with which the particular object or article could have been altered, it was reasonably certain that there was no material alteration. It is not necessary that an object or article which is offered in evidence should be in precisely the same condition at the moment of its offer as at the time when it played a part in the occurrence which gave rise to its offer in evidence, but the change in its condition must not have been wrought for unjustifiable purposes, and it must not be of sufficient moment that the exhibit will mislead.'" State v. Limerick, 169 N.W.2d 538, 542 (Iowa).

This opinion thoroughly analyzes our cases bearing on the extent of identification of solid objects required as a foundation for admissibility into evidence. Careful study of the cited case will furnish court and counsel with proper guidelines on another trial.

■ In connection with defendant's assignment we point out the complainant testified she turned over to Mr. Davis the clothes she wore the night of the incident; she had started to wash them but didn't; they were in the same condition as they were when previously worn. The deputy sheriff testified he picked up the clothing from prosecutrix three days after the incident and had custody since. The officer should have at least testified the articles involved were in the same condition when offered in evidence as they were when received by him, if such is the fact.

IV. In still another assignment defendant maintains the court erred in permitting the medical witness over defendant's objection to give a "history" apparently taken from the prosecuting witness the morning following the incident.

The doctor testified it was not necessary to have the history in order to render any prescribed course of treatment thereafter. Defendant objected to the doctor narrating the events told to him by complainant as constituting hearsay.

█ Hearsay evidence is testimony or written evidence of an assertion made by a declarant not offered as a witness for cross-examination and offered in evidence to show the truth of the matters asserted therein. The credibility of the assertion thus depends on the credibility of the extra-judicial asserter. See McCormick on Evidence (1954 ed.), page 460; 5 Wigmore, Evidence section 1361 (Third Ed. 1940).

This court has defined hearsay " * * * as testimony in court or written evidence, of a statement made out of court; such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. * * * [citing authorities]." Crane v. Cedar Rapids and Iowa City Railway Co., 160 N.W.2d 838, 845 (Iowa 1968), affirmed 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176.

Both definitions limit application of the hearsay rule to assertions offered in evidence to show the truth of the matter asserted therein. That an important distinction exists between hearsay and nonhearsay utterances of a declarant not offered as a witness for cross-examination when such assertions are offered by a testifying witness is well illustrated by the following comment from Edmund M. Morgan, A Suggested Classification of Utterances Admissible As Res Gestae, 31 Yale L.J. 229 (1922):

" * * *. As a basis for any intelligent consideration of the cases, it must be borne in mind that the rule against hearsay is applicable only where the utterance is offered to prove the truth of the matter asserted in it. The reason is obvious. When a witness in court offers evidence regarding a matter within his own knowledge, he is under oath and subject to cross-examination. If he reports the utterance of another, he is, as to the fact and content thereof, in exactly the same situation as if he were reporting any nonverbal event of which he has knowledge. His oath and the cross-examination, however, are guarantees only that he is himself speaking the truth, and not at all that the person whose utterance he is reporting was speaking the truth. When the fact and content of such person's utterance, regardless of its truth, are relevant and material, there is no reason for excluding the testimony of the witness concerning them. But when the utterance is offered for its truth, then the witness is testifying only to its fact and content, and the utterer is testifying to the matter asserted in the utterance. As the utterer is not under oath and is not subject to cross-examination, his testimony is ordinarily deemed to untrustworthy to be received. If it is to be admitted, it must be because there are some good reasons for not requiring the appearance of the utterer and some circumstance of the utterance which performs the functions of the oath and the cross-examination. In other words, it must be under some exception to the rule against hearsay."

With the foregoing distinction as a guideline, our first problem is to ascertain whether anything in the doctor's testimony can be logically claimed as an assertion to show the truth of the utterances made by complainant to him. If so, the next question is whether such testimony is admissible under an exception to the hearsay rule.

Examination of the record discloses the doctor testified as to his findings after a physical examination of prosecutrix. As indicated, he did not prescribe any course of treatment. The doctor stated, "She told me what happened, that her husband was mad at her, she went all to pieces and came to the hospital." He also ex-

pressed the opinion that if there had been bruises on the prosecutrix at 1:30 a. m., there would have been bruises when he examined her around 8 a. m. In response to the State's question, "Did she say who had raped her?" he replied, "She mentioned, I think, Clayton." If any details of the incident were uttered to the witness by complainant, he was not asked by the State to repeat them.

As stated, defendant admitted intercourse with complainant but denied the act was accomplished with force or against her will. The very commission of the act in this manner came into issue. The circumstance that following the alleged rape prosecutrix made complaint is the process of showing she did not in fact behave with a silence inconsistent with her present story. See 4 Wigmore on Evidence, Third Ed., sections 1135–1140.

The principle is stated in People v. Burton, 55 Cal.2d 328, 11 Cal.Rptr. 65, 75–76, 359 P.2d 433, 443–444:

" * * * In a case such as the present, where the nonconsenting victim of a sex offense testifies to its commission, the theory of admissibility of evidence of a complaint which is consistent with her testimony and which is not a spontaneous declaration which might be excepted from the hearsay objection is this: It is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur."

It seems obvious the doctor's testimony as to the fact prosecutrix made complaint of having been raped was offered by the State on theory it corroborated the prosecutrix' testimony. This is also true of the testimony of the State's witnesses—a female acquaintance, a nurse at the hospital, two Fort Dodge police captains and a police officer—insofar as their testimony related the fact of a complaint by prosecutrix is concerned.

The court in instruction 10 limited the jury's consideration of the evidence of the State's witnesses to this purpose.

■ Assertions by testifying witnesses as to *the fact of complaint* uttered to them by the prosecutrix are admissible in this type of case when offered as corroboration of the prosecuting witness. The purpose of such offer of evidence is not to show the truth of the matter asserted in the utterance, but only that a complaint was uttered by the woman. The hearsay rule is not involved.

Under this theory of admissibility the prosecutrix must be a witness "since the only object of the evidence [under the theory of corroboration] is to repel the supposed inconsistency between the woman's present testimony and her former silence, it is obvious that if she has not testified at all, there is not inconsistency to repel, and therefore the evidence is irrelevant." 4 Wigmore on Evidence, Third Ed., section 1136.

Wigmore says the requirement prosecutrix be a witness is a consequence of this theory of admissibility.

However, it is immaterial whether she has been impeached or cross-examined. The fact of complaint may be introduced immediately even by her own testimony in chief when such evidence is offered under the theory it is corroboration.

The apparent irregularity of this process of negativing evidence not yet formally introduced by the opponent is supported by Wigmore as being justified as a peculiarity of this kind of evidence since the jury might naturally assume prosecutrix had made no complaint unless the prosecution is permitted to forestall this assumption by showing as a part of its case in chief the fact complaint was made, not only through the testimony of the prosecutrix, but also by testimony of those persons to whom she is alleged to have made complaint. Decisions of this court are in accord.

In State v. Richards, 33 Iowa 420, 421–422 this court adopted the rule announced in 3 Greenleaf Evidence, section 213:

" 'Though the prosecutrix may be asked *whether she made complaint of the injury,* and when and to whom, and the person to whom she complained is usually called to prove *that fact,* yet, the particular facts which she stated are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask her whether she has made complaint that such an outrage has been perpetrated upon her, and to receive only a simple "yes" or "no." Indeed, the complaint constitutes no part of the *res gestae*; it is only a *fact* corroborative of the testimony of the complaint; and, where she is not a witness in the case, it is wholly inadmissible.' " (emphasis appear in cited opinion).

The foregoing rule was quoted and approved in State v. Clark, 69 Iowa 294, 296, 28 N.W. 606, 607. It was again announced to be the rule in McMurrin v. Rigby, 80 Iowa 322, 325, 45 N.W. 877, 878; State v. Wheeler, 116 Iowa 212, 214, 89 N.W. 978, 979 and State v. Rounds, 216 Iowa 131, 137, 248 N.W. 500, 503 and authorities cited in these opinions.

It is also required that the fact of complaint uttered by prosecutrix must be voluntary under this theory of admissibility since "it is the voluntary recital of her wrong that is received to strengthen the testimony of a woman who claims that she has been ravished. * * *. Where the circumstances indicate that but for the questioning there would probably have been no voluntary complaint, the answer is inadmissible. But, when the question merely anticipates a statement which the complainant is about to make, it is not rendered inadmissible by the fact that the questioner happened to speak first. [citing authorities]." State v. McGhuey, 153 Iowa 308, 313–314, 133 N.W. 678, 680–681.

Answers to questions involuntary in character are not to be regarded as complaints but as mere recitals of what is claimed to have happened. State v. Dudley, 147 Iowa 645, 650, 126 N.W. 812, 814, citing authorities. For example, utterances by the female in response to a demand for explanation as to her pregnant condition are not complaints which the law contemplates as corroboration. State v. Bebb, 125 Iowa 494, 498, 101 N.W. 189, 190.

Lapse of time before complaint is made is not the sole test of admissibility when the fact of complaint is offered as a fact corroborative of the prosecutrix in a rape case. Delay is subject to explanation and goes only to the credibility and weight of the evidence and is, therefore, a subject of consideration for the jury. State of Iowa v. Petersen, 110 Iowa 647, 649, 82 N.W. 329, 330 and State v. Vochoski, 170 Iowa 246, 251–252, 150 N.W. 53, 55, citing authorities. This is not to say that a complaint may not be so long delayed as to rob it of all force, and hence warrant a refusal to receive it in evidence.

The basis for this principle is explained in State v. Bebb, 125 Iowa at 496, 101 N.W. at 189. "The reason for the exception is not difficult of ascertainment. The law takes note that within common experience, when an outrage of the character here in question has been committed, the instincts and emotions of womanly nature will prompt an outcry against the wrong committed and the perpetrator thereof, not only as an expression of grief, indignation, or resentment, but as calling for sympathy and assistance. Further, the law recognizes that in some instances it is possible that through timidity or fear a wronged woman may fail to make prompt disclosure. The law indulges, therefore, in the generous supposition that in the ordinary course of things a woman thus wronged will complain thereof as soon as opportunity offers, or at least when no longer controlled by conditions of restraint in

character, as above referred to. * * * [citing authorities]."

In the present case the State offered prosecutrix as a witness. No contention is made that her complaints were not voluntary. Thus, the two foundation requirements discussed above were met. The fact of the woman's complaint was admissible.

█ As pointed out, insofar as the record reveals, the doctor did not attempt to relate any details of the complaint made to him by the prosecutrix except his statement prosecutrix named "Clayton" as her assailant. The State's question asking for this identification was improper but no one tells us who "Clayton" might refer to or how he appears in the picture. Admissibility of his testimony as to the *fact of complaint* was not dependent, as defendant urged, upon such testimony qualifying as an exception to the hearsay rule, either as prosecutrix' spontaneous exclamation or statement as to her physical condition made to a physician for treatment.

V. In an assignment closely related to the one just considered defendant contends the court erred in admitting over his objection testimony of five State witnesses. These witnesses testified as to the fact prosecutrix complained to them she had been raped. Defendant objected to the testimony as not constituting part of the *res gestae*. The court overruled the objection and stated "it is part of the *res gestae*."

For the reasons stated in Division IV, supra, their testimony as to the fact of a complaint does not involve the hearsay rule for the same reason the doctor's testimony does not in this respect. To this extent the court was mistaken in basing its ruling as to admissibility on the theory their testimony constituted an exception to that rule.

Whether the court's ruling on the testimony of these witnesses can be otherwise justified remains to be determined. To do

so, there must be facts other than the fact of a complaint recited by these witnesses which depend upon this specified exception to the hearsay rule for admissibility. This involves the extent the fact of the prosecutrix making complaint offered as corroboration of her testimony permits facts of the occurrence to be shown. If the offered testimony does not offend the limitations of that rule as announced in our cases, of course, the hearsay rule is not involved and, as previously demonstrated, the testimony is admissible as a corroborating fact. On the other hand, if such testimony is determined to be a recital of fact constituting details of the occurrence, we must ascertain if such testimony can qualify for admissibility as an exception to the hearsay rule.

Ascertainment of the rule's limitations requires an examination of our cases which one legal scholar has criticized as announcing a rule "loose and unsettled." 4 Wigmore on Evidence, Third Ed., section 1136 n. 1.

In State v. Rounds, 216 Iowa at 137, 248 N.W. at 503 this court cited several of our cases and recognized as well-settled the rule announced in State v. Richards, 33 Iowa at 421, " 'It is a well-settled rule that where the prosecutrix, in an indictment for rape, is examined as a witness, the fact of her making complaint is evidence, but the particulars of such complaint are not.' " The court in Rounds then continued, "This rule was modified in some of the Iowa cases to the extent of permitting a statement as to what was done generally, but was never relaxed to the extent of permitting the witness to relate the details of the alleged offense."

This court in State v. Powers, 181 Iowa 452, 461–463, 164 N.W. 856, 859–860 after summarizing some of our earlier cases where a departure is noted from these close limitations observed that the general rule has been relaxed on the express ground that prosecutrix was of very tender years. An examination of the cases cited

in Powers discloses that in all but three, prosecutrix was in this category. In two of the three no age is divulged and in the other complainant was 19.

However, 23 years after Powers, 7 after Rounds, this court in State v. Strable, 228 Iowa 886, 894, 293 N.W. 441, 444, a prosecution for *statutory* rape, in considering the trial court's overruling of an objection to prosecutrix' testimony she had complained to her sister of the incident, said: " * * * We have held repeatedly that where the testimony concerning declarations of the prosecutrix goes further than to show the fact of a complaint and includes details of the complaint, the complaint must be a part of the res gestae. * * * [citing authorities]."

■ We conclude the proper rule to be followed requires that where complainant in a rape case is a witness and her credibility has not been impeached in any respect, her testimony that she made complaint and to whom as well as the testimony of those witnesses to whom such complaint has been uttered is to be limited to the fact of complaint including, of course, so much of the complaint as identifies "the time and place with that of the one charged" or in other words, so much as will identify the occurrence complained of with the crime charged. Any further terms of her utterance are not only immaterial for the purpose of corroboration, but practically turn the statement into a hearsay assertion and as such is inadmissible except as a spontaneous declaration. See 4 Wigmore on Evidence, Third Ed., section 1138. Thus, unless such assertions can qualify for admissibility as the injured female's spontaneous exclamations, details of the incident are not permitted.

The differences and similarities between the theory of corroboration and that of spontaneous declarations are considered in 4 Wigmore on Evidence, Third Ed., section 1139.

We point out that in cases where the prosecutrix is a very young child the rule is not to be applied with the same strictness as when the injured female has reached such an age as to have an understanding of such matters. State v. Andrews, 130 Iowa 609, 610, 105 N.W. 215, 216.

With the rule announced in mind, we examine the record of testimony of the five witnesses.

■ The nurse at the hospital where prosecutrix was admitted on the night of the incident in response to the question, "What did she say?" testified prosecutrix told her she had been raped. Nothing further of complainant's utterances was offered by these witnesses. The fact of this complaint does not depend on the hearsay rule for admissibility and certainly there is no detailing of the facts of the occurrence which offends the limitation of the rule for corroboration. The evidence was admissible but the court stated the wrong reason for overruling defendant's objection.

The other four witnesses each testified prosecutrix complained to them she had been raped. Each stated she identified defendant by name as her assailant. Otherwise, no further terms of her utterances were offered.

In most jurisdictions the name of the offender as given by the victim in making her complaint cannot be shown unless it is part of the res gestae. State v. Thorpe, 162 N.W.2d 216, 217 (S.D.1968) and authorities cited in n. 1. We are satisfied complainant's utterances were not admissible as her spontaneous declarations. See Gibbs v. Wilmeth, 261 Iowa 1015, 1024–1025, 157 N.W.2d 93, 98–99 and authorities cited.

Some jurisdictions consider the injured female's utterances identifying the person accused admissible when offered in evidence by her as a witness and by persons to whom the assertions were allegedly made as a fact of the woman's complaint and not as offending against the limita-

tion of prohibiting details of her utterances.

Examination of our cases discloses that in State v. Bell, 235 Iowa 767, 769, 16 N.W. 2d 218, 219–220, a ten-year-old child made complaint to her mother six days after the alleged crime, naming defendant as her assailant. During trial the State withdrew all the evidence as to details of the act except the fact of complaint, the nature of the offense, and the identity of the perpetrator. The court held the mother's testimony as to her daughter's identification of defendant as her assailant was proper, citing as its only authority State v. Hutchinson, 95 Iowa 566, 64 N.W. 610 which involved the assertion of a six-year-old child. In Hutchinson the matter was first brought up on cross-examination and after defendant claimed the girl's testimony was the rehearsal upon the stand of a story her mother told her to repeat. In this factual situation the court considering objection to the mother's testimony as to the child's identification of defendant relied on State v. Cook, 92 Iowa 483, 61 N.W. 185; State v. Watson, 81 Iowa 380, 46 N.W. 868; and State v. Mitchell, 68 Iowa 116, 26 N.W. 44.

In State v. Cook the female, whose age does not appear, on the same day and shortly after the incident made complaint to her parents that she had been abused. Her father as a State witness was permitted to testify over defendant's objection that she complained defendant was the person who abused her. The court made this comment: " * * * Without attempting to review the authorities from other states, which seem to be somewhat in conflict, it is sufficient to say that that question has already been passed upon by this court in the case of State v. Watson, * * *."

State v. Watson concerned complaint of an 11-year-old victim made to her grandmother identifying her stepfather as the perpetrator. In discussing the question briefly the court pointed out the trial court had by no ruling admitted the identification and defendant made no motion to purge the record.

In State v. Mitchell, the female, upon arriving home after the incident, went inside the front yard, sat down and commenced groaning although she did not appear to have sustained personal injury. Her parents heard the wagon arrive and the daughter's groans. They went out as soon as possible. They both testified there was one person with their daughter but it was not defendant. However, defendant testified he was the one who drove complainant home. As we understand the decision the question of permitting the victim's utterances as to the identity of defendant being testified to by her parents was not even raised. At least it was not the principal issue on which the case turned.

State v. Wheeler, 116 Iowa 212, 214–215, 89 N.W. 978, 979 has more discussion of the question than any of our other decisions. The court there stated:

" ' * * * Such evidence is only admissible in confirmation of the witness, or to repel the presumption that her statement is a fabrication.' * * * [citing authorities] The evidence of complaints, being so limited, cannot be treated as substantive evidence tending to point out the accused as the one guilty of the commission of offense. Indeed, many decisions are to the effect that the name, even of the alleged ravisher, may not be shown to have been disclosed in the complaint. * * * [citing authorities] Such a restriction seems to have been regarded as impracticable in this state. See State v. Watson, supra; State v. Cook, supra. Nevertheless, mention of the name of the accused furnishes no substantive proof of his guilt, and like other portions of the complaint, is simply corroborative of the accuracy of the recollection and veracity of the accused. Save for this purpose, it was mere hearsay, and entitled to no consideration."

The prosecutrix in Wheeler was nearly 14. We are not told when, with reference to the assault, complaint was made, to whom it was uttered or the extent thereof.

Examination of other Iowa cases involving testimony relating prosecutrix' utterances identifying defendant as the perpetrator of the offense in rape or assault with intent to commit rape does not disclose any expression of reason or citation of well-reasoned authority supporting the court's statement permitting or condemning admission of the female's identification.

■ However, Wheeler recognized the fact the female made complaint was admissible for a very limited purpose; and evidence of the complaint was not to be treated as substantive evidence tending to point out the accused as the one guilty of the offense. Thus, neither complainant's testimony nor that of witnesses to whom she allegedly made assertions identifying defendant as the perpetrator is considered as the other evidence necessary for corroboration of the person injured tending to connect defendant with commission of the offense as required by section 782.4 Code, 1966. In the present case, the court properly instructed the jury in this respect.

The Wheeler opinion in holding mention of the name of the accused furnishes no substantive proof of his guilt takes cognizance of decisions of many jurisdictions which do not permit showing that the name of the alleged ravisher was disclosed in the female's complaint.

Neither State v. Cook, 92 Iowa 483, 61 N.W. 185 nor State v. Watson, 81 Iowa 380, 46 N.W. 868 constitutes authority for the statement in State v. Bell permitting inquiry on direct examination as to identity of the accused disclosed in the female's complaint.

The utterances in Cook might well have been considered as so closely connected with the offense that the female's assertions were so spontaneous and unpremedi-tated as to be competent under the exception to the hearsay rule.

In Watson the question of showing identity of the accused was not properly raised in the trial court to present a question for review in this court.

■ Examination of decisions from other jurisdictions and views of legal scholars considering the question leads us to conclude testimony on direct examination by prosecutrix or by witnesses to whom she allegedly made complaint repeating particular facts of complaint made by her at a time and place where not subject to cross-examination insofar as such utterances include identification of any particular person as the female's assailant is hearsay. Identification in such circumstances is offered to show the truth of the female's assertion the accused was her assailant rather than as a corroborative fact of her complaint to forestall the assumption the offense did not occur.

The provision in the rule announced supra permitting "so much of the complaint as identifies the time and place with that with the one charged," is not to be extended to permit testimony on direct examination of the fact the female in making complaint identified the accused.

■ Henceforth, in a prosecution for rape the state is not privileged to prove that the prosecutrix complained any particular person assaulted her until after defendant has brought out particulars of the details of the complaint or has introduced evidence tending to impeach in any respect the female or witnesses testifying to the complaint unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the *res gestae.* In support of this position see Lee v. State, 246 Ala. 69, 18 So.2d 706, 708; Peery v. State, 163 Neb. 628, 80 N.W.2d 699; State v. Chaney, 184 Neb. 734, 171 N.W.2d 787, 791 where State v. Peery is quoted from with approval; 4

Wigmore on Evidence, Third Ed., section 1136; 3 Underhill Criminal Evidence, Fifth Ed. (Herrick), section 758; 75 C.J.S. Rape § 63, p. 536; 44 Am.Jur., Rape, section 84 and authorities cited in the footnotes as support for the text; People v. Burton, 55 Cal.2d 328, 11 Cal.Rptr. 65, 359 P.2d 433 is contra. See also West's Digest, Rape, ▮

VI. When defendant objected to the testimony of a State's witness, a colloquy developed between court and counsel as counsel attempted to specify the grounds of his objection.

It is doubtful that any comment of ours on the view expressed by the trial court when defendant gave his reason for specifying the grounds of his objection would add anything to the jurisprudence of this state.

▮ We have frequently said it is elementary that an objection to offered evidence must be sufficiently specific to advise the trial court why it is inadmissible. The court should not be left to speculate as to whether the evidence is in fact subject to some infirmity which the objection does not point out. Ordinarily the objection should point out in what particular or particulars the offered evidence is inadmissible and where this is not done there is no proper basis for reversal unless the grounds of the objection are obvious. Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1263, 30 N.W.2d 97, 103; Frederick v. Shorman, 259 Iowa 1050, 1060–1061, 147 N.W.2d 478, 485; Linge v. Iowa State Highway Comm., 260 Iowa 1226, 1231–1232, 150 N.W.2d 642, 645–646 and authorities cited in these opinions.

On retrial counsel is to be permitted to specify, at least once for the record, the grounds of his objection. If the identical objection is to be repeated in connection with testimony of the same witness or other witnesses, the court may in its discretion require defendant to simply refer to the objection previously urged. In this manner both the trial court and this court will be made aware of the specific grounds relied on.

We understand in the trial of a case court and counsel may have well in mind the basis of the objection but unless the specific grounds relied on are made to appear in the record as a basis for the objection it is of no help to us on review.

VII. Defendant in another assignment contends the court erred in failing to give his requested instruction bearing on the essential elements of the crime of rape by force. Defendant timely and properly objected to the court's failure to give the request and specified the reasons he contended it was error not to give it.

▮ If the point raised in the requested instruction is substantially given or covered by those given it may properly be refused even if it contains a proper statement of the law. State v. Shipley, 259 Iowa 952, 957–958, 146 N.W.2d 266, 269 and authorities cited.

▮ Defendant's requested instruction concerned amplification of the instruction given by the court defining rape. It contained a direction to the jury that if prosecutrix consented in the least during any part of the act this was not such an imposing will as the law required to convict on the charge of rape. This element was not covered in the court's instruction and might well have been included in those given. However, we are not prepared to say the refusal here standing alone would constitute ground for reversal.

On retrial the instruction should conform to the requirements set forth in Gibbs v. Wilmeth, 261 Iowa at 1021–1023, 157 N.W. 2d at 97–98.

VIII. Defendant relies on a statement in State v. Hancock, 164 N.W.2d 330 (Iowa 1969), which appears in the dissent as support for his assignment of error based on admission in evidence of a standard form referring to "Miranda warning."

The exhibit referred to the advice given defendant of his constitutional rights as a prelude to a polygram examination assented to by defendant and his counsel in open court. The exhibit was signed by defendant in counsel's absence. Just what proposition in issue the signed document logically tends to establish escapes us. On retrial unless its materiality or relevancy is made to appear to the court's satisfaction the document should be excluded if its offer is properly objected to.

IX. Other assignments of error need not be discussed as they will probably not occur on the retrial.

The case is therefore
Reversed.

All Justices concur except LeGRAND, J., who concurs in result and UHLENHOPP, J., who takes no part.