**STATE of Iowa, Appellee,**

v.

**Jack Lee RAUE, Appellant.**

**˙No. 55515.**

Supreme Court of Iowa.

Jan. 16, 1974.

Robert C. Nelson, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, Linn County, Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP, and HARRIS, JJ.

PER CURIAM.

In this case defendant Jack Lee Raue failed to raise the claimed errors properly.

The jury could find from the evidence that at about 2:15 a. m. on June 12, 1971, two police officers observed defendant operating a car in an erratic manner. Defendant drove over the center line and then to the right, and on one occasion onto the shoulder. The officers stopped him. He smelled of alcoholic liquor, his eyes were bloodshot, and his speech was blurred. Vomit was on his shirt and on the outside of his car. He could not perform balance tests.

The officers called in a deputy sheriff, who made a written request of defendant for a blood test. Defendant signed a written consent for the test. The deputy sheriff took defendant to a hospital and presented to a registered nurse on duty a written request to extract a sample of defendant's blood. The nurse telephoned the physician on call, and a medical technologist from the hospital laboratory listened on an extension telephone. The nurse did the talking. She asked if the physician would authorize withdrawal of a sample of Jack Raue's blood. The physician authorized "the lab" to take the sample; at trial he testified that presumably a "lab" technician was listening in on the conversation.

The medical technologist took the sample, which another medical technologist tested. The test revealed 175 milligrams percent of alchool.

The next day the deputy sheriff presented to the physician the written request which had been presented to the nurse, and the physician signed it.

The Linn county attorney charged defendant with driving while under the influence of intoxicants. After defendant pleaded not guilty, he was tried by jury. The jury found him guilty and the trial court sentenced him. He appealed.

Defendant presses two contentions in this court. The first is that the blood test result was inadmissible because the written request to withdraw a blood sample, which the deputy sheriff presented to the nurse, was not presented to the physician in person before the blood was withdrawn. The other contention is that the blood test result was inadmissible because the physician's authorization was to the nurse rather than to the medical technologist who listened in and actually withdrew the blood. See State v. Binkley, 201 N.W.2d 917 (Iowa); State v. Sloan, 203 N.W.2d 225 (Iowa).

We assume arguendo that these contentions are good on the merits. The difficulty is that they were not properly presented at trial. See State v. Hinsey, 200 N.W.2d 810, 817 (Iowa). The State brought out the facts on which these contentions are based in the testimony of the deputy sheriff, the physician, and the medical technologist; defendant was therefore aware of them. But when the State later offered the blood test results in evidence, defendant objected on grounds of incompetent, irrelevant, and immaterial and no proper foundation laid. The objection "incompetent, irrelevant, and immaterial" lacks sufficient specificity except as to relevancy and materiality, and the proffered evidence was certainly relevant and material. State v. Davis, 196 N.W.2d 885 (Iowa). "No proper foundation laid" is inadequate without stating wherein the foundation is insufficient. State v. Entsminger, 160 N.W.2d 480 (Iowa); State v. Means, 211 N.W.2d 283 (Iowa). At one point—although not in connection with the result of the test—defendant objected generally that the taking of the test brings into play "the admissibility thereof under the provisions of 321B of the 1971 Code of Iowa." But the objection did not point out the provision relied on or the part of chapter 321B not complied with, so the objection was insufficiently specific. State v. Grady, 183 N.W.2d 707 (Iowa). At the conclusion of the State's evidence, defendant moved to strike the blood test evidence, but this motion came too late. State v.

Binkley, 201 N.W.2d 917, 919 (Iowa) ("Generally, failure to make timely objection or motion to strike showing reason for delayed objection will preclude a party from later claiming error in admission of testimony.").

Defendant did not properly present in the trial court the contentions he now makes.

Affirmed.