STATE of Iowa, Appellee,

v.

Stephen Lyle HENDREN, Appellant.

No. 1–56108.

Supreme Court of Iowa.

March 27, 1974.

John M. Warren, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and David J. Dutton, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of assault with intent to commit rape. The four assignments challenge photographic, line-up, and trial identification. We affirm.

We derive the facts from the evidence considered in the light most favorable to the verdict. The complaining witness was a 22 year old unmarried woman who resided with her parents on a farm near Jesup. She was employed at a Waterloo hospital to which she apparently commuted. At the time in question she worked from 3:00 p.m. to 11:00 p.m. After leaving work on the night of October 12, 1972, she met socially with a boyfriend until about 2:00 a.m. when she got into her automobile (Mustang) to go home.

Before she left Waterloo the lone driver of a white automobile (Camaro) began following her. He continued to do so after she left the city and eventually overtook her on a gravel county road as she neared her home.

While the cars proceeded down the gravel road the driver of the Camaro drove the right side of his vehicle into the left side of the Mustang. Complaining witness managed to retain control of the Mustang. Thereafter the driver of the Camaro pulled ahead and blocked the roadway by parking his vehicle sideways. During a complicated series of maneuvers the assailant, while afoot, repeatedly tried to stop and enter the Mustang. After the complaining witness managed briefly to elude him, she unfortunately lost control of her car (it was in re-

verse). The assailant by then had re-entered the Camaro and noted her in the ditch and stopped.

Despite her protests the assailant was able to force open the locked car door and throw her to the ground. He tore her clothes from her and expressed his intent to perpetrate a rape. The resistance of the complaining witness was tenacious and successful. She inflicted cuts, scratches, gouges, and bites on the body of her assailant. Finally she managed to escape to a neighbor's home across a cornfield. The assailant apparently then re-entered the Camaro and lost control of it. Both the Mustang and the Camaro were later found by the authorities in separate places in the road ditch a quarter of a mile apart.

The complaining witness was taken by the neighbor to the sheriff's office. A deputy determined the Camaro was jointly owned by defendant and Eugene Burkhardt. At the county jail the complaining witness was shown photographs of defendant and Burkhardt. She tentatively identified defendant as her assailant.

Shortly thereafter defendant, accompanied by a girlfriend, came to the jail and reported a desire to file charges of hit and run and assault and battery. Defendant and his girlfriend reported they had been together in defendant's car when it was sideswiped by another. According to the story, defendant then followed the other vehicle which pulled off on a gravel road and stopped. They reported defendant got out of his car but the lady driving the other vehicle went "berserk." Defendant thereupon left. They said when the lady backed into a ditch he became angry and drove his car into the ditch.

Defendant did not testify at trial. His girlfriend testified and admitted she had not been with defendant. She stated she lied to the authorities about her presence after defendant told the story to her. She said she lied to give credence to defendant's version, believing it to be true.

After defendant appeared and reported his version of the events he was given full Miranda warnings. He did not ask for an attorney. A short time later he was placed in a line-up. The trial court found, and we agree, it consisted of " * * * a very fair line-up of five white males who appear to be very close in age and size and appearance to the defendant." Complaining witness readily identified defendant in the line-up and he was thereupon charged with this offense.

Prior to trial defendant filed a motion in limine in six divisions all of which were eventually overruled. The overruling of two of the divisions are among defendant's assignments of error.

Defendant's four assignments are:

(1) The overruling of his motion in limine to exclude photographic identification of defendant by complaining witness;

(2) The overruling of his motion in limine to exclude line-up identification of defendant by complaining witness;

(3) The overruling of his objections to testimony by complaining witness at trial identifying defendant; and

(4) The overruling of his objection to trial testimony by the witness Jerry Wayne Cox identifying defendant.

■■■ I. Defendant cannot complain of the trial court's refusal to exclude photographic identification of him by complaining witness. As a controlling principle it is not reversible error to overrule a motion in limine to exclude evidence. Any reversible error, stemming from the motion, does not accrue until it is preserved by proper procedure at trial. State v. Jensen, 216 N.W.2d 369 (Iowa 1974); State v. Hinsey, 200 N.W.2d 810 (Iowa 1972); State v. Garrett, 183 N.W.2d 652 (Iowa 1971). It does not appear the photograph by which complaining witness identified defendant was ever introduced at trial. Defendant's first assignment is without merit.

■■ II. Defendant's second assignment is subject to the same challenge. Error cannot be predicated on the refusal to sustain such a pretrial motion under the authorities mentioned in Division I. Evidence of the line-up was admitted at trial. But notwithstanding the motion in limine there was no error.

Defendant suggests in argument he now thinks the line-up was unnecessarily suggestive. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. He argues he was forced to wear clothes with the word "vote" embroidered on the pants. Complaining witness did recall such a word in making the identification. Defendant now argues this was a violation of his Fifth Amendment privilege against self-incrimination. He also urges he was therein denied his Sixth Amendment right to counsel.

Defendant's arguments are however contrary to fact. He was not forced to wear any particular garments. His apparel at the scene and at the line-up was of his own choosing. If it was distinctive and the same this was not the fault of the officers. Prior to the line-up he was advised of his right to counsel and chose not to have one present for the line-up. There is no showing his constitutional rights were violated.

■■ In addition we do not believe defendant's objections at trial were sufficient to preserve the question. Objections must be sufficiently specific to inform the court of the grounds upon which the evidence is thought inadmissible. If the court is not so informed by the objection there is no reversible error unless the grounds are obvious. State v. Grady, 183 N.W.2d 707 (Iowa 1971).

■■ Defendant's objections were wholly lacking at critical times when evidence of the line-up was admitted. Objections offered at other times were so vague and indiscriminate as to be wholly incomprehensible. He objected such identification vio-

lated his rights under the Fifth, Sixth, and Fourteenth Amendments. He did not suggest why. His failure to do so rendered his remarks insufficient to fairly advise the trial court of the position he now seeks to urge on appeal. No error was preserved. See State v. Raue, 214 N.W.2d 162 (Iowa 1974).

■ III. At trial defendant was tardy in objecting to testimony of the complaining witness identifying him as her assailant. He was pointed out after repeated questions were answered without objection identifying him as the one who did various things in connection with the attack. At the point of the final question the record is as follows:

"Q. Where is he? A. He is right there.

"[COUNTY ATTORNEY]: Let the record show that the witness has identified the defendant, Stephen Lyle Hendren.

"THE COURT: The record may show that.

"[DEFENDANT'S COUNSEL]: Your Honor, we object to any identification on the part of the defendant as a violation of his constitutional rights under the fifth, sixth, and fourteenth amendment.

"THE COURT: Overruled."

No motion to strike was made. No application was made to have the objection precede any answers. No excuse was offered for tardiness in objecting. No claim of error was preserved. State v. Williams, 207 N.W.2d 98 (Iowa 1973); State v. Boose, 202 N.W.2d 368 (Iowa 1972); State v. Cook, 158 N.W.2d 26 (Iowa 1968). And for the same reasons mentioned in the preceding division, the objection was probably not sufficiently specific. State v. Grady, supra, 183 N.W.2d 707 (Iowa 1971).

In any event there was no showing by defendant which would cause us to believe any photographic identification was so im-permissibly induced or suggestive as to create a substantial likelihood of irreparable misidentification. State v. Houston, 206 N.W.2d 687, 691 (Iowa 1973) and authorities; State v. Canada, 212 N.W.2d 430 (Iowa 1973). No error was shown even if it had been claimed.

■ IV. The testimony of Jerry Wayne Cox was offered only to corroborate other testimony placing defendant at the scene near the time of the alleged offense. Ruling on the motion in limine to exclude Cox's testimony was reserved by the trial court until offered at trial. Cox testified without objection during his testimony in chief. He said he picked up a hitchhiker not far from the scene early on the morning in question and gave him a ride to Waterloo. He identified defendant as the hitchhiker.

On cross-examination defendant's counsel developed the fact Cox, the day before trial, had been shown a picture of the line-up. He recalled the clothing defendant wore when he observed him was the same as shown in the picture. He conceded his recollection was based on a mixture of his observations at the time and of the picture viewed the previous day. However this assignment must fail because defendant has not succeeded in his showing as to the line-up.

We have said we do not believe the line-up itself was impermissibly suggestive. Defendant has not carried his burden of showing any substantial likelihood of irreparable misidentification by the witness Cox. See State v. Houston, supra, 206 N.W.2d at 691.

Accordingly, passing the questions of timeliness and sufficiency of the objections, there was no error in admitting Cox's testimony. Even though his independent recollection was mixed with his view of the picture, defendant failed to show the picture did or could mislead the witness. It is not enough to show a possibility of suggestiveness. The require-

ment, set out in State v. Houston, supra, is to show a very substantial likelihood of irreparable misidentification. This, defendant failed to do.

Affirmed.