STATE OF IOWA v. JOHN FLOOD, Appellant.

**Criminal law:** FORGERY: EVIDENCE: ALIBI. In this prosecution for uttering as true a forged instrument the evidence is held insufficient to support the defense of alibi.

**Same:** EVIDENCE: ACT OF CO-CONSPIRATOR. Where there was evidence tending to show a common plan and conspiracy between the defendant and another to pass as true a forged check, evidence that such other person had passed a similar check to another party was admissible as against defendant.

**Same:** HEARSAY EVIDENCE: REFUSAL TO STRIKE. On this prosecution the state produced a witness on rebuttal for the purpose of showing that defendant's evidence of an alibi was untrue, and on cross-examination defendant developed the fact that the witness had verified her recollection of defendant's presence at her place on a certain date by conversation with another. *Held,* that de-

fendant's motion to strike the evidence as hearsay was properly overruled, especially as the recollection of the witness was not based entirely upon the statements of such other party.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

THURSDAY, JULY. 7, 1910.

THE defendant appeals from a conviction under an indictment charging him with uttering as true a forged instrument.—*Affirmed.*

*McHenry & Graham,* for appellant.

*H. W. Byers,* Attorney-General, *C. W. Lyon,* Assistant Attorney-General, and *Thos. J. Guthrie,* County Attorney, for the State.

McCLAIN, J.—The evidence for the prosecution tended to show that on March 13, 1909, the defendant offered as genuine to the Vim Company, a check on the People's Savings Bank, for $7, purporting to be signed by the Des Moines Dye Works and indorsed by Frank Mead, and received the amount of money called for by such check. The evidence tended to show that the entire check with the indorsement was forged by the defendant in pursuance of a general plan and conspiracy between defendant and one Hartshorn to make and pass forged checks for small amounts for the purpose of obtaining money thereon.

I.     Substantially the only question raised as to the sufficiency of the evidence to support a conviction was that arising on the credibility of the evidence of an alibi testified to by defendant's parents and sisters, with whom he resided as a member of the family.     The testimony of these witnesses was in direct conflict with that of witnesses for the state,

1. CRIMINAL LAW: forgery: evidence: alibi.

who identified the defendant as the person passing the check, and it was also in conflict with the testimony of other witnesses for the state as to where defendant had been on two or three days preceding the passing of the check. In view of this conflict in the evidence, we cannot say that the jury was not fully justified in finding that the witnesses for defendant were mistaken as to the facts with reference to which they testified.

II. Over objection for the defendant, the prosecution was allowed to show that another check forged by defendant was passed by Hartshorn on another company. In

2. Same: evidence: act of co-conspirator.

view of the evidence tending to show a common plan and conspiracy between Hartshorn and defendant to pass forged checks, this evidence was admissible as against defendant. It is not necessary to cite authorities in support of the general proposition that, where the intent is material, other acts of the same character tending to show a common purpose and design to defraud may be proven, although such acts were committed by a co-conspirator. No authorities are cited for appellant sustaining the proposition made in his behalf, and we do not find it necessary to enter upon any elaboration in regard to a well-settled rule of evidence.

III. For the purpose of showing that the account given by defendant's witnesses of his whereabouts during the two or three days preceding the commission of the

3. Same: hearsay evidence: refusal to strike.

crime was untrue, a witness was called by the state in rebuttal who testified that defendant was at her home March 11th, at Norwalk, and that Hartshorn, who was with him, received a registered letter on that day. On cross-examination she testified that she had verified the date by inquiry at the post office as to the day when such registered letter was delivered. Counsel for defendant moved that the testimony of this witness as to what the postmaster said to her be stricken out as hearsay. But what the postmaster said

to her was called out on the cross-examination for defendant, and defendant was not entitled to have it stricken out on his own motion. It may be that, if the cross-examination showed that the only knowledge or recollection which the witness had as to the day on which defendant was at Norwalk depended upon this hearsay statement of the postmaster, the testimony of the witness in chief should have been withdrawn from the consideration of the jury. But no such motion as that was made, and, if it had been made, it should not have been sustained, for it appears from the record that the knowledge of the witness as to the date was not entirely dependent upon information communicated to her by the postmaster.

There was no error in refusing to strike out the testimony which had been given in response to defendant's own cross-examination.

There is no error in the record, and the judgment is *affirmed.*