STATE OF IOWA, appellee, v. JACK G. SLATER, appellant.

No. 52659.

(Reported in 153 N.W.2d 702)

OCTOBER 17, 1967.

REHEARING DENIED JANUARY 8, 1968.

P. F. Elgin, of Indianola, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and Darrell Goodhue, of Indianola, County Attorney, for appellee.

MOORE, J.—Defendant, Jack G. Slater, was charged by a county attorney's information with the crime of uttering a forged instrument in violation of section 718.2, Code, 1966, and following conviction was sentenced not to exceed ten years imprisonment in the state penitentiary.

On this appeal defendant asserts the trial court erred in (1) failing to remove Exhibit 4 from the consideration of the jury and (2) giving instruction 10.

Donald Forret, a check-out counter cashier at the Indianola Hy Vee Food Store, testified defendant endorsed in his presence and cashed a check in the sum of $41.60 at the store on October 11, 1966. The check, Exhibit 1, was made payable to "Jack Slater" on a printed form bearing the name of "Bates Miles" and purported to be signed by Miles.

The store manager testified defendant had been in the store

on October 11, 1966, and that the check was endorsed and put through regular channels but was later returned for want of proper signature. It remained unpaid.

Bates Miles of Des Moines testified he did not make out or sign the form check bearing his name which had been prepared for him by the Capital City State Bank of Des Moines. He stated he had not authorized anyone to write the check, he had not employed defendant, did not owe him any money and that he did not know Exhibit 1 had been written until so notified by the bank. Miles had shared an apartment from August 14 to 22, 1966, with John Slater, a relative of defendant.

Duane Barton, a questioned document examiner for the Iowa Bureau of Criminal Investigation, testified he had compared known specimen of the writing of defendant and a James Roland, alias James LaFrance, with the endorsement and the writing on the face of Exhibit 1. He opined Roland had written the check and defendant the endorsement.

A Capital City Bank teller testified payment of Exhibit 1 was refused because the signature was not genuine. The Warren County sheriff related he had arrested defendant in Portland, Oregon, December 12, 1966, on a warrant for the charge being tried.

Defendant, following denial of his motion for a directed verdict, testified he had been reared in the Des Moines area but for several months in 1966 was a construction worker in New Orleans, Louisiana, where he became acquainted with a man known to him as James LaFrance who also worked on construction. Defendant stated that in late September 1966, he, his family and LaFrance decided to go to Portland, Oregon, to seek work. Defendant and his family traveled in one automobile and LaFrance traveled alone in another. They arrived in Des Moines on or about October 10 to visit defendant's mother-in-law. The group at first stayed at the farm of defendant's father.

Defendant related that while driving around Des Moines with LaFrance he saw his uncle, John Slater, at which time he introduced LaFrance and the three men went to the uncle's apartment. Defendant and his family stayed at the uncle's

apartment the night before they and LaFrance left Des Moines on October 13 or 14.

On October 11 LaFrance borrowed defendant's automobile and approximately three hours later returned and told defendant he had "found a job doing upholstery" but could not cash the check as "he was from Louisiana and he didn't have any identification or anything of local." Defendant further testified LaFrance asked him if he would cash it if he obtained another check made payable to defendant. Defendant answered in the affirmative. LaFrance then left.

Within a half hour, according to defendant, LaFrance returned with the check, now Exhibit 1, which defendant stated he endorsed and cashed at the Indianola Hy Vee store. He received groceries and cash. The face of Exhibit 1 bears the notation "Const. Labor". Defendant's position was that he did not utter the check with intent to defraud as required by the statute, section 718.2.

Defendant further testified that during the few days they were in the Des Moines area LaFrance had other checks purportedly signed by Bates Miles and defendant cashed two in Des Moines and two or three in Indianola. One day defendant cashed two checks. All were in the same form as Exhibit 1.

On cross-examination defendant identified Exhibit 3 as a check in the same form as Exhibit 1 and admitted he cashed it, in the sum of $45.20 at the Indianola Hy Vee store on October 10. Exhibit 1 was cashed October 11.

Cross-examination of defendant includes:

"Q. I hand you what the court reporter has marked Exhibit 4, and ask you to state what that is, if you know? A. A check.

"Q. What is the date of that? A. October 10th.

"Q. That is another check on October 10? A. Yes.

"Q. Who is that made payable to? A. Jim LaFrance.

"Q. Whose signature is purported to appear on that check? A. Bates Miles.

"Q. The same check as Exhibit 3 and Exhibit 1, the same type of printed check, isn't it? A. Yes.

"Q. You indicated that Jim LaFrance said to you he couldn't get a check cashed? A. Yes, sir: that's right.

"Q. Is that right. That is dated October 10? A. Yes.

"Q. That same day you arrived back from Louisiana? A. Yes, sir; somewhere right in there."

Exhibits 3 and 4 were then offered by the State and received without any objection made thereto and cross-examination continued. It included defendant's admission he had no money due him for any work performed as indicated on the checks.

Defendant's redirect examination includes:

"Q. On cross-examination you were asked about a check that has been marked Exhibit 4, payable to Jim LaFrance and apparently endorsed by Jim LaFrance. Do you know anything about that check? A. No, sir: I don't.

"Q. Have you ever seen it before today? A. No.

"Q. The only checks of which you had knowledge were Exhibits 1 and 3: is that correct?. A. Yes."

On rebuttal Bates Miles testified he had not seen LaFrance or defendant during October 1966, he had not made out or signed Exhibits 3 and 4 and neither defendant nor LaFrance had ever performed any labor for him.

On cross-examination Miles stated the bank had furnished him two or three books of printed checks some of which he lost while staying with John Slater.

Upon completion of the evidence defendant's motion for a directed verdict was renewed and again denied. Thereafter defendant's counsel moved Exhibit 4 be withdrawn from the consideration of the jury and stated he had negligently failed to examine it when offered. This motion was denied by the trial court and forms the basis for defendant's first assigned error.

I. Assuming arguendo defendant had some valid objection to Exhibit 4, his attempt to assert an objection came too late.

An objection, to be timely, must ordinarily be made at the earliest opportunity after the ground of the objection becomes apparent. State v. Woodmansee, 212 Iowa 596, 614, 233 N.W. 725, 734; Ver Steegh v. Flaugh, 251 Iowa 1011, 1017, 103 N.W.2d 718, 722; Mathews v. Beyer, 254 Iowa 52, 60, 116 N.W.2d 477, 482; Castner v. Wright, 256 Iowa 638, 652, 127 N.W.2d 583, 591; 4 C.J.S., Appeal and Error, section 290b(1).

II. A motion to strike or withdraw evidence is not timely where it came in without objection and the grounds of the motion should have been apparent before it was made. State

v. Woodmansee and Ver Steegh v. Flaugh, both supra; State v. Johnson, 260 Iowa 1207, 1218, 152 N.W.2d 426, 432, and citations; Linge v. Iowa State Highway Commission, 260 Iowa 1226, 1232, 150 N.W.2d 642, 646, and citations.

Here Exhibit 4 was identified not only on cross and redirect examination of defendant but also later on rebuttal. Defendant's objection and motion to withdraw the exhibit came long after any claimed grounds were apparent. They were therefore waived.

III. Our statutory duty, under section 793.18, to review the record without regard to technical errors or defects does not apply where proper objections are not made. State v. Ostby, 203 Iowa 333, 342, 343, 210 N.W. 934, 937, and citations; State v. Jones, 253 Iowa 829, 834, 113 N.W.2d 303, 307; State v. Torrence, 257 Iowa 182, 192, 131 N.W.2d 808, 814.

IV. Instruction 10 of which defendant now complains and to which he objected after the verdict as authorized by section 787.3, Code, 1966, states: "There has been admitted in evidence Exhibit 3 and Exhibit 4, which are checks other than the check upon which the charge in this case is based. These exhibits are admitted only for the purpose of showing the intent, if any, of the defendant in connection with the check presented by him October 11, 1966, to the Hy Vee Food Store at Indianola, Iowa, and for no other purpose."

Defendant's objection to instruction 10 asserted Exhibit 4 was not in his handwriting and defendant had no connection with it and therefore it could not be considered as a similar act in determining defendant's intent when Exhibit 1 was presented by him to the Indianola Hy Vee Food Store on October 11, 1966. We do not agree.

Under the record the jury could have found writing and uttering of Exhibit 4 was part of a general plan or conspiracy between defendant and LaFrance to obtain money and as such was admissible on the question of defendant's intent. State v. Flood, 148 Iowa 146, 127 N.W. 48.

In 11 Am.Jur., Conspiracy, section 37, page 568, the editor states: "The rule seems to be well established that, upon the trial of an indictment for a crime, evidence is admissible to prove a conspiracy to commit the crime charged, although the

conspiracy is not charged in the indictment. This is permitted not for the purpose of allowing a conviction for a crime not specifically charged, but merely to show the intent with which the parties acted." See also 16 Am.Jur.2d, Conspiracy, sections 37 and 38.

 Exhibit 4 was in the record without objection and not for any limited purpose. The court's limitation of its consideration by the jury was without prejudice to defendant.

Having found no reversible error, the judgment and sentence of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.