STATE of Iowa, Appellee,

v.

Jon Edward SHIMON, Appellant.

No. 54231.

Supreme Court of Iowa.

Dec. 15, 1970.

James W. Hudson, Pocahontas, for appellant.

Richard Turner, Atty. Gen., Michael Laughlin, Asst. Atty. Gen., and J. Desmond Crotty, County Atty., for appellee.

BECKER, Justice.

Defendant was convicted of the crime of manslaughter. His appeal alleges error by the trial court in several respects. After consideration of the entire record, we affirm.

This case arises from a "drag race" that ended in two fatalities. On the evening of April 12, 1969 at about 9:30 P.M. defendant, age 18, was driving a 1967 Oldsmobile. He had two passengers in the car. Defendant met Wayne Johnson, age 16, who was driving a 1967 Ford. Johnson also had two passengers. The drivers decided on a drag race to be held outside of town. They drove to a paved county road where the race was held. When the cars had attained a speed in excess of 100 miles per hour the Johnson car went out of control, sideswiped defendant's car twice and ended on the edge of a nearby field. Defendant's car went into a spin but did not leave the highway. No one in defendant's car was injured but the two passengers in the Johnson car were killed.

Defendant was charged with manslaughter, tried, convicted and paroled on good behavior. He relies on nine listed errors for reversal.

I. Section 690.10, Code, 1966, provides: "Manslaughter. Any person guilty of the crime of manslaughter shall be imprisoned in the penitentiary not exceeding eight years, and fined not exceeding one thousand dollars."

■ Defendant contends that since there is no further statutory definition of manslaughter there is no crime of manslaughter in this State. The statutory reference to manslaughter has existed in our code in substantially its present form since 1851. As early as State v. Shelledy, 8 Iowa 477, 505 (1859), we stated: "* * * The common law definition of manslaughter has not been changed by our statute, * * *." The Iowa law as to definition of manslaughter is succinctly reviewed in State v. Boston, 233 Iowa 1249, 1255, 11 N.W.2d 407, 410 (1943):

"Our statute, Code, § 12919 (now § 690.-10), does not define manslaughter. The common-law definition, the unlawful killing of another without malice express or implied, prevails in Iowa. It is commonly divided into voluntary and involuntary manslaughter. The former is committed in a sudden heat of passion due to adequate provocation. Involuntary manslaughter is an unintentional killing without malice in the doing of an unlawful act not amounting to a felony or of some lawful act in an unlawful manner. State v. Walker, 133 Iowa 489, 496, 110 N.W. 925; 26 Am.Jur. p. 165, § 17."

While there has been criticism of our manslaughter definition (especially in motor vehicle death cases) and suggestions for statutory change, Iowa Criminal Law—A Need For Reform, 1966, 51 Iowa Law Rev. 883; Homicide By Motor Vehicle—A Survey And Proposal, 1959, 44 Iowa Law Rev. 558, we are not prepared to eliminate the crime of manslaughter from our criminal code for want of definition. As to use of common-law definitions in interpretation of criminal statutes see State v. DiPaglia, 247 Iowa 79, 84, 71 N.W.2d 601 (1955); Perkins, Criminal Law, § 2, p. 24. Defendants first and seventh assigned errors are without merit.

██ II. On cross-examination Miss Gehrig stated: "Well, when Jon Shimon took me home he was so drunk that he couldn't hardly stand up." No objection and no motion to strike was made by defense counsel. The next day counsel made a generalized motion to strike all testimony of the witness concerning activities subsequent to the drag race. This motion was overruled at the time but the court later struck the above answer on its own motion.

Defendant now argues the court's action placed undue emphasis on the testimony and was prejudicial error. Failure to make timely objection or motion to strike showing reason for delayed objection will ordinarily preclude a party from later claiming error in the admission of testimony. State v. Slater, 261 Iowa 554, 558, 153 N.W.2d 702 (1968); State v. Dwinells, 259 Iowa 945, 950, 146 N.W.2d 231 (1966). The court may exercise its discretion on its own motion to strike evidence it deems erroneously admitted. We find no error in such action in this case. State v. Olson, 249 Iowa 536, 553, 86 N.W.2d 214 (1958).

██ III. The State called Mr. Poduska, clerk of the district court, as a witness. He was not listed as such on the county attorney's information. Defendant made no objection at trial to Mr. Poduska's testimony. Failure to object to the witness' testimony when offered constitutes a waiver of the statutory requirement that the names of the witnesses and the substance of their testimony be appended to the indictment or information. State v. Hurd, 101 Iowa 391, 70 N.W. 613 (1897). This rule is particularly appropriate where additional procedures are provided in event of such objection. Iowa Code, 1966, §§ 780.10–780.13.

██ IV. Defendant's assigned errors numbered 4 and 5 deal with instructions and will be treated together. He complains of the court's failure to include the elements of wanton and reckless disregard of and indifference for the safety of others in instruction No. 9 defining manslaughter. These elements are clearly included in instructions 10, 11, 12 and 13. The instructions must be read together. State v. Upton, 167 N.W.2d 625 (Iowa 1969). When all of the instructions are read together instruction No. 9 is adequate and proper.

██ V. Defendant's assignments of error numbered 6 and 8 go to the definition of proximate cause. The court used the instruction recommended in Iowa Uniform Jury Instructions, No. 26. This instruction was not prejudicial under the record made in this case. We find no allusion in the record to the claimed omission of which defendant now complains, i.e., failure by the court to include the concept of an intervening cause resulting in the decedents' deaths. This concept, if properly requested, would have been properly refused. An intervening cause, to be effective here, would have to be found to the sole proximate cause of the accident. The drivers of each car were jointly participating in a drag race when Johnson lost control of his car. The evidence would sustain an instruction on concurrent causes but the actions of Johnson, as a concurrent cause, would not shield defendant as a wrongdoer. The principle is well stated in early case of State v. Shelledy, supra:

" * * * And it is no defense that the death of the deceased was caused by the

negligence of others, as well as by that of the prisoner; for if the death of the deceased be caused, partly by the negligence of the prisoner, and partly by the negligence of others, the prisoner, and all those others, are guilty of manslaughter." (Loc. cit. 8 Iowa at page 508).

VI. Defendant's reliance on State v. Williams, 238 Iowa 838, 844, 28 N.W.2d 514 (1947) is misplaced. When the entire instruction approved in that case is read it is apparent the court held contributory negligence of decedent would be a defense *only* if it was found to be *the sole proximate cause of the injury and resultant death*. This is the same principle noted above. Such a defense can be successful, not because there was a concurring cause, but because a finding of *sole* proximate cause as to one set of acts eliminates the other set of acts as a proximate cause. Defendant did not request such a concept or object to the instruction on such grounds. He cannot raise the point now. We should add as noted above that we seriously doubt the propriety of such an instruction in this case because the evidence here does not justify it.

Defendant also contends the prosecution should be dismissed because he was denied his right to a speedy indictment guaranteed by Iowa Code, 1966, section 795.1. The contention is without merit. Defendant was free on bond from April 28, 1969 until September 15, 1969 when he filed motion to dismiss for failure to indict. County attorney's information charging manslaughter was filed the same day. Defendant waived his rights under section 795.1 by failing to demand earlier action. This facet of the case is controlled by the holding in State v. Johnson, 167 N.W.2d 696 (Iowa 1969).

We have considered all of defendant's objections with care. We find no prejudicial error.

Affirmed.

All Justices concur, except RAWLINGS, J., who dissents.