STATE of Iowa, Appellee,

v.

Melvin John BINKLEY, Appellant.

No. 55296.

Supreme Court of Iowa.

Nov. 15, 1972.

Gerald L. Shaffer, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Gary Grove, County Atty., Webster City, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Defendant, appealing his conviction of operating a motor vehicle while under the influence of an intoxicating beverage, asserts trial court erred in admission of blood test evidence. Specifically, he asserts foundational proof required by § 321B.4, The Code, failed in three essential respects: (1) There was no written request by the patrolman for defendant's blood to be withdrawn; (2) it was not established the nurse who drew the blood was designated by a licensed physician; and (3) there was no evidence the blood sample vial was sterile. For reasons hereafter assigned, we affirm.

I. *Written request for withdrawal of blood.*

Defendant rightly contends there was no evidence the peace officer (an Iowa Highway Patrolman) ever made a written request to a licensed physician, or medical technologist or registered nurse designated by such physician, for withdrawal of the blood. It is equally clear under § 321B.4, The Code, as interpreted in State v. Wallin, 195 N.W.2d 95 (Iowa 1972) and State v. Boner, 186 N.W.2d 161 (Iowa 1971), proof of such written request was foundationally essential for admission of the test results.

However, no objection based on this alleged error was raised until defendant's motion for new trial. Generally, failure to make timely objection or motion to strike showing reason for delayed objection will preclude a party from later claiming error in admission of testimony. State v. Shimon, 182 N.W.2d 113 (Iowa 1970); State v. Halverson, 261 Iowa 530, 155 N.W.2d 177 (1967). An objection, to be timely, must ordinarily be made at the earliest opportunity after ground of objection becomes apparent. State v. Slater, 261 Iowa 554, 153 N.W.2d 702 (1967). We therefore hold in this instance defendant did not preserve the alleged error and cannot assert it here.

## II. *Designation of nurse to withdraw blood.*

Section 321B.4, The Code, relevantly provides:

"Only a licensed physician, or a medical technologist or registered nurse designated by a licensed physician as his representative, acting at the written request of a peace officer may withdraw such body substances for the purpose of determining the alcoholic content of the person's blood. * * * "

Construing this portion of the statute, we have held where there is proper objection it was reversible error to admit blood test evidence when it was not preliminarily established that the nurse who withdrew the blood had been designated by a licensed physician. State v. Shelton, 176 N.W.2d 159 (Iowa 1970).

During the testimony, defendant's only record objection occurred during State's examination of the patrolman concerning a blood sample vial similar to that used for defendant's blood. The county attorney queried, "Would you have some objection to that?" To which defense counsel replied, "Yes, I would have some objection to it."

The transcript discloses defendant failed to raise the issue there was no showing the nurse who withdrew the blood was designated by a licensed physician until his exceptions to instructions.

The objection lodged when the testimony came in was so unspecific trial court did not err in overruling it. See State v. Grady, 183 N.W.2d 707 (Iowa 1971) and cases cited therein. The objection raised at the time instructions were submitted was not timely. See State v. Shimon, 182 N.W.2d 113 (Iowa 1970); State v. Slater, 261 Iowa 554, 153 N.W.2d 702 (1967).

In any event, the registered nurse who withdrew defendant's blood testified without objection she placed a telephone call to Dr. Kuramoto, a licensed physician, and obtained permission from him to withdraw the blood. At that time Dr. Kuramoto was the doctor on call. We hold this minimally satisfies § 321B.4 as a designation of the nurse by a licensed physician.

## III. *Issue of sterility of blood sample vial.*

Section 321B.4 also provides, "Only new, originally factory wrapped, disposable syringes and needles, kept under strictly sanitary and sterile conditions shall be used for drawing blood."

Defendant argues blood test testimony should not have been admitted when it was not established the vial in which his blood was placed was sterile and kept under strictly sanitary and sterile conditions.

We have set out in division II the wholly inadequate objection defendant raised during the testimony. Not until taking exceptions to instructions did defendant raise the matter of the vial sterility. The issue was not timely raised. See State v. Shimon, supra; State v. Slater, supra. However, we believe it should be decided to guide future litigation.

We think it significant that § 321B.4 makes no reference to sterility of the sample vial. The rule of statutory con-

struction *expressio unius est exclusio alterius* (express mention of one thing implies exclusion of others), is applicable in this case. See In re Estate of Waddington, 201 N.W.2d 77 (Iowa, filed Sept. 19, 1972); North Iowa Steel Company v. Staley, 253 Iowa 355, 112 N.W.2d 364 (1961). By specifically requiring use of sanitary and sterile syringes and needles, the legislature implied by omission the vial need not be sterile.

■ This court has said in interpreting statutes we determine the legislative intent from the language used, the purposes to be served, and the evil sought to be remedied. Jahnke v. Incorporated City of Des Moines, 191 N.W.2d 780 (Iowa 1971). The protective standards in § 321B.4, above quoted, were obviously adopted both to protect the health of the person submitting to the test and to guarantee its accuracy for later judicial proceedings. State v. Wallin, 195 N.W.2d 95 (Iowa 1972); State v. Charlson, 261 Iowa 497, 154 N.W.2d 829 (1967).

An unsterile syringe and needle might well infect the accused, but there would be little chance of infection from the vial. We therefore hold the State was not required to show the vial was sanitary and sterile.

■ Lessenhop v. Norton, 261 Iowa 44, 52–53, 153 N.W.2d 107, 112 (1967) enumerates the foundational evidence which must be introduced prior to admission of blood test results. Under *Lessenhop,* proving the vial was suitable for its function would fall within the requirements that State show "(5) that the blood taken was properly preserved or kept" or "(7) if transported or sent, the method and procedures used therein." In order to lay proper foundation for introduction of blood test results, we hold the State is required to prove the container is uncontaminated by alcohol or other substances which might affect the test. Cf. Janson v. Fulton, 162 N.W.2d 438, 440 (Iowa 1968).

■ In the instant case there was a bare adequacy of evidence the vial was uncontaminated with alcohol or any other test-affecting substance. On this issue we find no reversible error.

Affirmed.