STATE of Iowa, Appellee,

v.

Joseph Wade BOOSE, Appellant.

No. 55365.

Supreme Court of Iowa.

Nov. 15, 1972.

Edward D. McCoy, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobsen, Asst. Atty. Gen., David Dutton, County Atty., and Don Gottschalk, Asst. County Atty., Waterloo, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for possession of marijuana. We affirm.

The charge was brought under § 401.3, 64 GA, ch. 148, as amended by § 19, 64 GA, ch. 149, which proscribes possession of scheduled controlled substances including marijuana. Defendant's appeal challenges the admissibility of evidence of a search of his person, the sufficiency of the evidence to support conviction, and the legality of his sentence.

I. *The search.* Defendant was arrested on a Waterloo street at about 1:30 a. m. November 13, 1971, with five other men on a charge of discharging fireworks. Five of the group were taken to the police station. While they were awaiting booking a canister of what was believed by officer Marc Lattin to be marijuana was found on the floor near them. During the booking procedure the men were stripped and searched. A substance later determined to be marijuana was found by officer Lattin in the left front pocket of defendant's shirt. He was then charged with the present offense.

The determinative issue is whether defendant waived his objection to admissibility of evidence of the search. No objection was made by defense counsel to officer Lattin's testimony on direct examination during which the search was described in detail. He stipulated to introduction of the laboratory report finding the substance to be marijuana. He was well into cross-examination before he challenged the search and seizure and requested exclusion of "all evidence which has gone into this record with regard to the search and seizure of the man's shirt and pocket." His belated motion was overruled.

Absence of timely objection is waiver of the right to suppress evidence. State v. Dwinells, 259 Iowa 945, 948–950, 146 N.W.2d 231, 235 (1966), and citations. An objection "must ordinarily be made at the earliest opportunity after the ground of the objection becomes apparent", and "[a] motion to strike or withdraw evidence is not timely where it came in without objection and the grounds of the motion should have been apparent before it was made." State v. Slater, 261 Iowa 554, 558, 153 N. W.2d 702, 705 (1967); cf. Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). The right to suppress was waived in this case because the evidence was received without objection and the motion was made long after its ground became apparent.

II. *Sufficiency of evidence.* Defendant claims the evidence was insufficient for jury consideration as to identification of the substance as marijuana within statutory definition and as to proof of his knowledge it was marijuana. We do not agree.

His counsel stipulated to introduction of the State criminalistics laboratory report which identified the substance as marijuana. The stipulation eliminated any need to resort to statutory definition. Officer Lattin's detailed testimonial description of the substance he removed from defendant's pocket buttresses the accuracy of the laboratory identification. Moreover, contrary to defendant's novel argument, the statute makes no distinction between marijuana which is "legal" and "illegal." See State v. Grady, 201 N.W.2d 493, 496 (Iowa 1972) (filed October 18, 1972). Marijuana by statutory definition includes specified parts of the plant *cannabis sativa.* Defendant has confused the definition by reading an exception into it where none exists.

Bearing upon the issue of knowledge was not only the circumstance that the substance was found in a pocket of the shirt defendant was wearing, but also testimony

by officer Lattin that he observed defendant smoking marijuana on several prior occasions and testimony by another officer that after the marijuana was found in this case defendant remarked they wouldn't have any more to roll.

■ Knowledge is seldom capable of direct proof but is usually inferred from surrounding circumstances. State v. Christopher, 176 N.W.2d 777, 778 (Iowa 1970). The evidence of knowledge here was sufficient for jury consideration.

■ III. *The sentence.* Possession of marijuana under the Code section involved is a misdemeanor punishable by imprisonment in the county jail for not more than six months or by fine of not more than $1000, or both. Probation is permitted. Defendant was sentenced to 30 days in the county jail. The sentence is authorized by law, well within the maximum, and although defendant obviously would have preferred probation, there is nothing in the record to support his claim of illegality. See State v. Cupples, 260 Iowa 1192, 152 N.W.2d 277 (1967).

Review of the entire record reveals defendant had a fair trial, and no basis for reversal appears.

Affirmed.