STATE of Iowa, Appellee,

v.

Gerald Dwight WINQUIST, Appellant.

No. 58963.

Supreme Court of Iowa.

Nov. 17, 1976.

Morris C. Hurd and Thomas M. Donahue, Ida Grove, for appellant.

Richard C. Turner, Atty. Gen., Lee M. Jackwig, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., for appellee.

Heard by MOORE, C. J., MASON, Le-GRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for operating a motor vehicle while

under the influence of an alcoholic beverage in violation of § 321.281, The Code. He challenges the admissibility of the result of a blood test and attacks the constitutionality of the statute making that result presumptive evidence that he was under the influence of an alcoholic beverage. We affirm.

Defendant was arrested on this charge while driving in Sioux City at about 2:00 a.m. on August 7, 1975. He was taken to the Sioux City police station where, at about 3:00 a.m., a blood specimen was withdrawn from his arm by Daniel Vernon Weakley, a microbiologist with the Sioux City Health Department. Analysis revealed the blood contained alcohol in the amount of 20.1 hundredths of one percentum (.201 percent) by weight. By pretrial motion to suppress, defendant sought to exclude the test result from evidence on grounds that Weakley was not qualified to withdraw blood and that the blood was not withdrawn under sanitary conditions. The trial court overruled the motion to suppress and also overruled related objections and motions made during trial.

Defendant excepted to an instruction informing the jury the test result constituted "presumptive evidence" that he was under the influence of an alcoholic beverage. The court overruled his exception. These rulings involving the blood test are assigned as error.

I. *Weakley's qualifications.* Under § 321B.4, The Code, only three categories of persons may withdraw blood for purposes of the implied consent law. They are licensed physicians, medical technologists, and registered nurses. Moreover, medical technologists and registered nurses must be designated by a licensed physician as his representative for purposes of blood withdrawal.

It is undisputed that Daniel Weakley was designated by a licensed physician as his representative to draw blood. What is disputed is whether Weakley was a "medical technologist" within the meaning of the statute.

Weakley testified he was a medical technologist, certified as such by the International Society for Clinical Laboratory Technology. He said he was a member of that society and the American Society for Microbiology. He held a bachelor of science degree with a major in microbiology, having taken courses in medical bacteriology and chemistry. He had been employed as a microbiologist for the Sioux City health department for more than nine years. He was licensed by the State of Nebraska to perform alcohol determinations on blood and urine specimens. However, he had not interned in a hospital or trained under a pathologist, and he was not a member of the American Society of Clinical Pathologists.

Neither the State nor defendant asked Weakley what training and experience he had in withdrawal of blood. The record contains no evidence on that subject.

In his motion to suppress and in his objection to evidence of the blood test result at trial, defendant simply contended Weakley was not a medical technologist. Defendant did not raise an issue regarding Weakley's training either in his motion to suppress or objection during trial. He first raised the subject of Weakley's alleged lack of training to withdraw blood in his motion for new trial. Until then, defendant relied solely on his contention that Weakley was not entitled to bear the label medical technologist because only those certified by the American Society of Clinical Pathologists or having equivalent education are entitled to that designation. As an offer of proof in support of his objection, he offered the stipulated testimony of two medical technologists certified as such by the American Society of Clinical Pathologists. These witnesses asserted that a person could not be a medical technologist unless certified by that group. They said such certification requires a bachelor's degree and one year's internship with a pathologist.

The same contention was made and rejected in *State v. Snyder,* 203 N.W.2d 280 (Iowa 1972). In that case we said the purpose of requiring certain qualifications of

those authorized to draw blood was to protect the health of the individual, to guard against infection and pain, and to assure the accuracy of the test. We held that a person could possess these qualifications and be a medical technologist within the meaning of Code § 321B.4 without having the educational background required for certification by the American Society of Clinical Pathologists. *Id.* at 285. The question is one of training in withdrawal of blood.

■ Unlike the situation of physicians and registered nurses, the Code does not provide for state licensing of medical technologists. Nor do statutory educational or training standards exist. The test to determine whether a person holding himself out as a medical technologist is a medical technologist within the meaning of Code § 321B.4 is whether a satisfactory showing can be made that he has sufficient training in the withdrawal of blood to accomplish the legislative objectives of protecting the individual's health, guarding against infection and pain, and assuring the accuracy of the test, all in accordance with accepted medical standards. See, generally, *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Breithaupt v. Abram,* 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957). The concern is with the competence of the person withdrawing the blood rather than with an occupational label he may have been awarded by a private association.

■ The record does not show Weakley's training in the withdrawal of blood. However, defendant did not raise this issue either in his motion to suppress or objection to the evidence at trial. Although defendant did make a specific objection to this evidence, we have found the ground of that objection is untenable. When a specific objection is overruled at trial, it is effective on appeal to the extent of the ground specified and no other. Therefore, when, as here, an objection specifies only a ground which is untenable, it cannot support reversal on a tenable ground which might have been specified but was not. 1 Wigmore on Evidence § 18 at 339–340 (Third Ed. 1940); see *Een v. Consolidated Freightways,* 220 F.2d 82, 88 (8 Cir. 1955).

■ The issue regarding Weakley's training was finally raised when defendant filed his motion for new trial. It was then too late. An objection must ordinarily be made at the earliest opportunity after its ground becomes apparent. *State v. Boose,* 202 N.W.2d 368, 369 (Iowa 1972). Because the ground should have been apparent at least when the blood test result was offered during trial, the challenge in defendant's motion for new trial was untimely.

■ The trial court did not err in overruling defendant's objection to admissibility of the blood test result.

■ II. *Sanitary conditions.* The record shows Weakley withdrew the blood specimen from defendant in a room on the third floor of the Sioux City police station. Defendant contends the State thereby violated the provision of Code § 321B.4 which states, "Only new, originally factory wrapped, disposable syringes and needles, kept under strictly sanitary and sterile conditions shall be used for drawing blood." He asserts the State could not meet its burden to show the syringe and needle were kept under such conditions unless it proved the room in which the specimen was taken was sanitary. The requirement of sanitary conditions refers to the condition of the syringe and needle, not the condition of the place where the specimen is taken. See *State v. Binkley,* 201 N.W.2d 917, 919–920 (Iowa 1972).

Weakley testified he used a new, factory-wrapped disposable syringe and needle which he had obtained from the city laboratory. He said he swabbed defendant's arm with aqueous iodine to cleanse the skin before making the venal puncture. After withdrawal, the blood was kept in a stoppered tube in a kit Weakley carried with him.

■ The trial court was justified in finding from the State's evidence that the syringe and needle were sanitary and sterile as required by the statute. The court did

not err in overruling defendant's objection that the room in which the specimen was taken was not shown to be sanitary.

III. *The instruction.* The trial court instructed the jury in accordance with § 321.281 that evidence of more than ten hundredths of one percentum by weight of alcohol in an individual's blood is "presumptive evidence" that he is under the influence of an alcoholic beverage. Defendant excepted to the instruction on the ground it shifted the burden of proof to defendant on an essential element of the offense in violation of due process of law. He now contends the instruction and the statute on which it was based violate due process in the respect alleged.

We upheld the statute when attacked on similar grounds in *State v. Hansen,* 203 N.W.2d 216 (Iowa 1972), and we upheld the language of the instruction challenged in this case when attacked on similar grounds in *State v. Berch,* 222 N.W.2d 741 (Iowa 1974).

We find no merit in defendant's present challenge to the statute and instruction.

AFFIRMED.