# IN THE COURT OF APPEALS OF IOWA

No. 13-1698
Filed September 17, 2014

**KELLI JO SCHROEDER,**
        Plaintiff-Appellant,

**vs.**

**CITY OF CEDAR FALLS, CEDAR
FALLS POLICE DEPARTMENT and
JEFFREY SITZMANN, in his Individual
and Official Capacities,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Black Hawk County, Thomas N.

Bower (first summary judgment ruling), David F. Staudt (second summary

judgment ruling), and Bradley J. Harris (motion in limine ruling, third summary

judgment ruling, and trial), Judges.


        The plaintiff appeals the evidentiary ruling of the district court precluding

the introduction of certain evidence at trial on her petition for the false arrest.

**AFFIRMED.**

        Edward M. Blando and Desiree A. Kilberg of Elderkin & Pirnie, P.L.C.,

Cedar Rapids, for appellant.

        Bruce L. Gettman Jr. and Brandon J. Gray of Redfern, Mason, Larsen &

Moore, P.L.C., Cedar Falls, for appellees.

        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.  Bower, J.,

takes no part.

**MULLINS, J.**

Kelli Jo Schroeder appeals the district court's rulings regarding the admissibility of certain evidence she sought to introduce in her false arrest action against the City of Cedar Falls, the Cedar Falls Police Department, and Officer Jeffrey Sitzmann (the defendants). She claims the court erred in refusing to allow her to offer evidence that an eye witness's identification of her was not reliable. She also claims the court erred in permitting the prosecuting attorney to testify as an expert witness to matters that occurred after the arrest. Because we find no abuse of discretion in the district court's evidentiary rulings, we affirm the jury's verdict.

**I. Background Facts and Proceedings.**

Schroeder's claim of false arrest stems from her arrest in August of 2007 for criminal mischief in the second degree for damage inflicted on the vehicle of Nathan Curran. Curran discovered the scratches on his vehicle on the morning of July 24, 2007, while his vehicle was parked outside his apartment in Cedar Falls. Curran was approached by a neighbor, Maurice Allen, who told Curran he had witnessed a white female with shorter blonde hair walk around his car with her arm extended, "keying" the car. The woman was also accompanied by a white male, and it appeared to Allen the two were dating. Curran and Allen were not previously acquainted, and Allen did not know the female that had done the damage. However, he had watched her do it and had spoken with her, coming within an arm's reach of her.

Curran showed Allen photographs from Facebook of women he knew that matched Allen's description. Allen identified the picture of Schroeder as the female he saw and identified Schroeder's then boyfriend as the male he saw with her that night. Curran provided this information to Officer Sitzmann of the Cedar Falls Police Department.

Sitzmann contacted Allen, who later provided Sitzmann with a written statement of what he saw that night and indicated Curran had shown him a picture of the female who did the damage. Sitzmann followed up with Allen again showing him a photo lineup of six women. Allen identified a picture of Schroeder from this lineup.

Sitzmann interviewed Schroeder at the police station. She denied being involved in damaging Curran's vehicle and stated she did not even know what Curran's vehicle looked like. Sitzmann informed Schroeder he would be filing charges against her, and they arranged for Schroeder to turn herself in at a later date. Schroeder's case proceeded to trial where she was found not guilty.

She then filed this lawsuit against the defendants for false arrest, asserting Sitzmann's warrantless arrest lacked probable cause and caused her damages. The defendants filed a series of summary judgment motions, all of which were denied by the district court as the court concluded factual issues prevented a finding for the defendants as a matter of law.

The defendants filed motions in limine where they sought to exclude, among other pieces of evidence, "evidence acquired after [Schroeder's] arrest on August 24, 2007" because such evidence was "immaterial and inadmissible to

any issue involved in the suit and irrelevant to any issue raised by the Plaintiff's Petition or the Answer of Defendants as the only liability issue for the jury to decide is whether Defendant Sitzmann had probable cause at the time of the Plaintiff's arrest." The defendants asked that Schroeder be prevented from introducing into evidence "any criticism of the investigation of Lt. Sitzmann including any evidence or testimony as to what Lt. Sitzmann should or should not have done during the course of his investigation." In addition, the defendants asked that Schroeder be prevented from introducing any of Allen's deposition or trial testimony from the criminal trial. Schroeder resisted these requests claiming evidence acquired after Schroeder's arrest "demonstrates Officer Sitzmann's total lack of any investigation into whether he had probable cause to believe Ms. Schroeder committed a crime." In order to prove her false arrest claim, Schroeder asserted she must be able to "identify the inadequacies and criticisms of the officer's so-called investigation." Finally, she claimed that Allen's testimony "is directly relevant to the issue of probable cause because it demonstrates the inherent unreliability of his identification."

After an unreported hearing, the court issued a ruling on the various motions, concluding, "Evidence obtained following the arrest of the plaintiff by defendant is not relevant to any issue herein." Thus, court granted the motion regarding evidence acquired after Schroeder's arrest. But evidence regarding criticism of the investigation Sitzmann conducted was "relevant insofar as it tends to establish the reasonableness of defendant's belief that plaintiff had committed the crime in question." The court denied the motion related to criticism of the

investigation "to allow plaintiffs to present evidence which would tend to show that defendant's belief that plaintiff had committed the crime was unreasonable." The court also ruled Schroeder would be permitted to present "evidence that plaintiff was found not guilty in a criminal trial." Finally, the court granted the motion to exclude the prior testimony of Allen, who was stipulated to be unavailable for the trial, finding the hearsay exception in Iowa Rule of Evidence 5.804(b)(1) did not apply. The court concluded the State did not have a similar motive and interest at the prior deposition and trial to develop Allen's testimony in the same way it would seek to develop his testimony for this trial. In ruling on this particular motion in limine, the court noted Allen's testimony at the criminal trial and in his prior deposition established he consumed two large alcoholic drinks prior to witnessing the damage done to Curran's vehicle and had smoked marijuana prior to making his first identification of Schroeder. In addition, Allen testified that the photo lineup admitted at the criminal trial was different than the lineup he was shown by Officer Sitzmann.[1]

The case proceeded to a jury trial on July 30, 2013. During the plaintiff's opening statement,[2] the attorney for the defendants objected to the plaintiff's attorney's reference to Allen drinking on the night of the offense, and the defendants asked for a mistrial. The court held a hearing on the record, outside the presence of the jury, on the objection and motion. Defense counsel

---

[1] Allen did end up testifying at the trial in the plaintiff's rebuttal. The only issue he testified to was whether or not the lineup admitted at the criminal trial was the same lineup he was shown by Officer Sitzmann. Allen testified four of the six photos in the lineup admitted at the criminal trial were not in the lineup he was originally shown by Officer Sitzmann.

[2] The opening statements were not reported.

explained he objected because the fact Allen was drinking before he witnessed the crime was unknown to Officer Sitzmann at the time of Schroeder's arrest and was thus precluded by the motion in limine. Plaintiff's counsel responded that the evidence at issue supported their criticism of Officer Sitzmann's investigation to show that Sitzmann's reliance on Allen's eyewitness identification was not reasonable. The court ruled Schroeder could ask

> why the defendant did not ask further of Maurice Allen where he was, what he was doing, but where he actually was and what he was doing is not relevant to this case. That was something that was found out after, and those items are—are irrelevant for the determination as to the probable cause at the time of the arrest.

Plaintiff's counsel was told to move on to other items in his opening statement, and the court denied the mistrial motion stating it would give the jury "an admonishment that is what is said by counsel is not evidence and should not be consider by them as evidence." When the jury returned, the court provided the jury the verbal admonition and also provided them a jury instruction at the end of the case to the same effect.

After hearing the evidence presented over several days, the jury returned a verdict in favor of the defendants finding Officer Sitzmann did not falsely arrest Schroeder. Schroeder filed a motion for a new trial challenging again the court's ruling preventing her from introducing evidence discovered after her arrest that she contends supports her position the investigation done by Sitzmann prior to her arrest was not reasonable. She asserted the ruling prejudiced her case because it made her burden impossible to prove and left the arresting officer in complete control of the evidence. She contended she was prevented from

showing the arrest was made on evidence that was not trustworthy. She also claimed she was prejudiced by the court permitting testimony from the prosecuting attorney regarding things that occurred after the arrest. The defendants resisted, and the court denied the motion for the reasons stated in its previous rulings.

Schroeder now appeals.

## II. Error Preservation.

As a preliminary matter, the defendants allege Schroeder did not preserve error on the claims she makes on appeal. First they contend because Schroeder failed to make an offer of proof at trial of the evidence she claims should have been admitted by the court, she waived her claim. Second, the defendants claim Schroeder did not preserve error on her claim the court erred in admitting the testimony of James Katcher, the prosecutor involved in her criminal trial, because she did not object at the time the testimony was offered.

With respect to the first error preservation challenge, the defendants claim without an offer of proof, it is impossible to know what evidence Schroeder contends should have been admitted and this court would be forced to speculate what the evidence would show. The defendants note that it was possible the testimony Allen would give at the civil trial may not have been identical to the testimony he offered in his deposition and at the criminal trial. In addition, the defendants claim there is no information at all in the record of the evidence of Schroeder's alleged "alibi" or of a witness's statement provided to her private investigator months after her arrest. Schroeder claims error was preserved

because while no formal offer of proof was made, the evidence she sought to introduce was readily apparent to the court and the issue had been raised and rejected by the court.

The general rule is that a ruling on a motion in limine will not preserve error for appeal on a claim regarding the admissibility of evidence unless a timely offer of proof or objection is made at trial. *Quad City Bank & Trust v. Jim Kircher & Assocs., P.C.*, 804 N.W.2d 83, 89 (Iowa 2011). "This is because the error only occurs, if at all, when the evidence is offered at trial and is either admitted or refused." *Id.* at 90. However, an exception to the rule exists "[w]hen the court's ruling on a motion in limine leaves no question that the challenged evidence will or will not be admitted at trial." *Id.* In such a case, "counsel need not renew its objection to the evidence at trial to preserve error" because "the decision on the motion has the effect of [an evidentiary] ruling." *Id.*

In granting part of the defendants' motions in limine in this case, the court ruled any evidence obtained following the arrest of Schroeder was not relevant to any issue, precluding Schroeder from admitting such evidence. Schroeder's attorney was admonished during his opening statement for referencing evidence that was discovered after Schroeder was arrested—Allen's intoxication and consumption of marijuana at critical times of identification. We conclude the court's ruling left no question that the challenged evidence would not be admitted at trial, and the court's rulings on objections made during trial bear this out. We conclude no offer of proof was necessary in this case to preserve error on

Schroeder's claim on appeal that the court erred in preventing her introducing this evidence into the trial.

With respect to the second error preservation challenge, the defendants offered James Katcher as an expert witness to provide evidence as to whether Officer Sitzmann had probable cause to arrest Schroeder based on the information he had at the time. At the beginning of Katcher's testimony, Schroeder's attorney lodged a general objection that the information Katcher acquired about the case was only learned after Schroeder was arrested. Based on this fact, counsel stated Katcher would not be able to offer any credible evidence "since we are limited to information that is known only to the time of the arrest." The court did not specifically rule on this objection noting it would take up Schroeder's objections as they went along.

During his testimony, Katcher was asked generally how a case proceeds from an arresting officer to the prosecuting attorney and ultimately to trial. Schroeder's attorney objected again stating the testimony was irrelevant and immaterial and goes to no question before the court. The court overruled the objection stating the testimony went to the process by which paperwork goes through the system and was therefore relevant. The next objection lodged was to a question about what standard a judge uses to determine whether to approve a trial information. Schroeder's attorney claimed the question went to the ultimate question in the case and accused the defendants of trying to back into an opinion of what the judge did or did not do in this case. The court again denied the objection finding the testimony "relevant." No further objections were

lodged against the admission of Katcher's testimony—specifically his testimony that dealt directly with Katcher's preparation and the court's approval of the trial information in Schroeder's case.

"Generally, failure to make timely objection or motion to strike showing reason for delayed objection will preclude a party from later claiming error in admission of testimony." *State v. Binkley*, 201 N.W.2d 917, 919 (Iowa 1972). An objection, to be timely, must ordinarily be made at the earliest opportunity after the grounds for the objection become apparent. *Id.* However, "when a timely and proper objection has been distinctly made and overruled[,] it need not be thereafter repeated as to the same class of evidence offered. *State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975).

Here, Schroeder's attorney objected to Katcher's testimony in its entirety because it dealt with information obtained by Katcher after Schroeder's arrest. The court did not rule on this objection, instead stating it would take up the objections as the evidence progressed. Because there was no affirmative ruling, this objection did not preserve error for this appeal. However, Schroeder's attorney again objected to the relevance of Katcher's testimony as he addressed the general processes by which a criminal case progresses through the system and the various standards of review that are applied by the various actors involved. The court overruled this objection finding the information "relevant." The broad relevancy objection implicitly included a reference to the ruling on the motion in limine which had found that evidence obtained following the arrest of plaintiff was not relevant. We conclude this did preserve error on the claim

Schroeder makes on appeal. Any further objection Schroeder could have lodged when the testimony turned to the specific process by which Schroeder's criminal case proceeded through the system would have been useless as the court had already ruled the evidence in the "same class of [as the] evidence offered" was relevant and admissible. *See id.* We thus reject the defendants' error preservation challenges and proceed to address the merits of the case.

## III. Scope and Standard of Review.

We review the district court's determination regarding the relevancy of evidence and its admissibility for abuse of discretion. *Mohammed v. Otoadese*, 738 N.W.2d 628, 631 (Iowa 2007). "An abuse of discretion exists when 'the court exercised [its] discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* at 631–32 (alteration in original) (citations omitted). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. Generally, relevant evidence is admissible, and evidence that is not relevant is inadmissible. Iowa R. Evid. 5.402. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Iowa R. Evid. 5.403.

## IV. Admissibility of Evidence—False Arrest.

In order to determine whether the evidence Schroeder sought to introduce at trial was relevant, we must first analyze what Schroeder had to prove in order to sustain her claim against the defendants for false arrest. "The essential elements of the tort of false arrest are (1) detention or restraint against one's will and (2) unlawfulness of the detention or restraint." *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983). If the arrest was without a warrant, as in this case, the burden of proof shifts to the defendant to show justification for the arrest. *Id.* at 679. "A peace officer in Iowa may make a warrantless arrest when he has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person arrested has committed it." *Id.* (internal quotation marks and citation omitted). We equate "reasonable ground" with the traditional "probable cause" standard. *Id.* "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution to the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1948) (alterations in original) (citation omitted). The probable cause standard in civil actions for false arrest is "less demanding than the constitutional probable cause standard in criminal cases." *Children*, 331 N.W.2d at 680. "If the officer acts in good faith and with reasonable belief that a crime has been committed and the person arrested committed it, his actions are justified and liability does not attach." *Id.*

"'In determining probable cause, all the information in the officer's possession, fair inferences therefrom, and observations made by him, are generally pertinent; and facts may be taken into consideration that would not be admissible on the issue of guilt.'" *Children*, 331 N.W.2d at 680 (quoting 5 Am. Jur. 2d *Arrest* § 48, at 740-41 (1962)). "A false arrest case involving the issue of probable cause turns on what the officer knew at the time of arrest, not what he learned later." *Id.* at 678. "Facts that occur or come to light subsequent to the arrest are irrelevant to a determination of whether probable cause existed at the time of arrest." *Id.* at 680.

Here, Schroeder sought to introduce evidence regarding facts and circumstances that Officer Sitzmann *should* have investigated prior to arresting her. Specifically, she wanted to provide to the jury evidence which called into question the accuracy of Allen's identification of her—his consumption of alcohol the night of the incident and his consumption of marijuana before identifying her picture. She also wanted to introduce evidence of her alibi. She essentially wanted to introduce evidence that tended to show Officer Sitzmann should have conducted a more thorough investigation prior to deciding to arrest her. However, that is not that standard by which her claim for false arrest is judged.

Probable cause is determined by looking at what the officer knew at the time he effectuated the arrest. *See id.* at 678. What he learned later, or what he could have learned had he continued to investigate the crime, are not relevant to the inquiry. *See id.* at 680. The case did evolve around the reliability of Allen's identification of Schroeder as the woman he saw damage Curran's vehicle that

night. "[W]hen a police officer makes a warrantless arrest, for a crime not committed in his presence, on the strength of a single witness'[s] uncorroborated statements" we look to see if there were "circumstances *known to the officer* which could cause a reasonable person to doubt the veracity or reliability of the statements." *Kraft v. City of Bettendorf*, 359 N.W.2d 466, 470 (Iowa 1984) (emphasis added). Despite the information that came to light later regarding the reliability of Allen's statement, our focus still remains on the circumstances known to Officer Sitzmann at the time the arrest occurred. The court permitted Schroeder to ask Sitzmann why he did not ask further questions of Allen such as where Allen was earlier in the night and what Allen was doing, but the court concluded the facts of where Allen actually was and what Allen was actually doing were not relevant because Officer Sitzmann did not know of those facts at the time the arrest was made. We believe this evidentiary ruling strikes the correct balance in permitting Schroeder to present her claim that Officer Sitzmann did not have enough knowledge of the facts and circumstances to justify a finding of probable cause for arrest while at the same time keeping the irrelevant, after-acquired information out of the case. *See Children*, 331 N.W.2d at 683 (Harris, J., dissenting) (noting the arresting officer was questioned about what the eye witness told him and what questions he failed to ask of the witness). We find no abuse of discretion in the court's ruling regarding the admissibility of the information acquired after Schroeder's arrest.

In addition to challenging the court's failure to admit the evidence of what Officer Sitzmann did not know when the arrest was effectuated, Schroeder also

claims on appeal the court should not have admitted testimony from the prosecutor, James Katcher, regarding the procedure and process Schroeder's case followed in his office after the arrest was made. Specifically, she claims the court should not have admitted Katcher's testimony that he applies a heightened standard—proof beyond a reasonable doubt—when he decides whether or not to pursue the prosecution. Schroeder also challenges Katcher's testimony regarding the standard applied by the district court judge who approves the trial information filed. Schroeder claims this evidence should have been precluded by the court's ruling regarding after-arrest acquired information and also should have been excluded as highly prejudicial. She claims Katcher's testimony placed a prosecutor's and judge's stamp of approval on Sitzmann's conduct in arresting Schroeder without allowing her to show the facts as to why the arrest was unreasonable.

We note the defendants offered Katcher as an expert witness in this case. He testified to his general knowledge of how a criminal case proceeds through the system and also specifically how Schroeder's case proceeded. Katcher described his personal actions in Schroeder's case and his application of a burden of proof beyond a reasonable doubt when he evalutates whether to prosecute a case. He testified that before he filed charges he reviewed the file from Officer Sitzmann, which included only information obtained by Officer Sitzmann prior to the arrest. Based on the information contained in the file, Katcher testified he determined charges should be prepared and presented to the judge for approval. His ultimate opinion was that the information in the file,

which was obtained by Officer Sitzmann prior to Schroeder's arrest, was sufficient to constitute probable cause. In reaching his opinion, Katcher did not consider facts acquired after Schroeder was arrested but considered only the facts in the file that were acquired by Officer Sitzmann before Schroeder was arrested. This includes the photo lineup shown to the eyewitness before Schroeder's arrest.

Schroeder characterizes Katcher's testimony as after-acquired information and claims that such information was irrelevant and inadmissible per the ruling on the motion in limine. That characterization is too broad, and goes beyond the scope of the ruling. The district court's ruling does not prohibit "information;" it says, "*evidence* obtained following the arrest of the plaintiff by the defendant is not relevant to any issue herein." (Emphasis added.) The "evidence" referenced by the court was evidence tending to support or detract from the decision to arrest in the criminal case.

In the case before us, Schroeder obtained express rulings from the court permitting her to introduce evidence "to show that defendants' belief that plaintiff had committed the crime was unreasonable." It follows then that defendants were permitted to present evidence at this civil trial to attempt to show that defendants' belief was reasonable. One of the ways defendants did that was by Katcher's testimony. Further, the district court's motion in limine ruling specifically allowed Schroeder to present evidence that a jury found her not guilty of the criminal offense. She apparently does not consider the ultimate conclusion of the criminal case—not guilty—to be after-acquired information, precluded by

the motion in limine ruling, even though the evidence of the verdict was clearly intended to show that the jury's evaluation of the evidence did not support a conviction. In fact, Schroeder was even allowed to testify that the jury returned the not-guilty verdict in less than fifteen minutes, which would tend to support her claim the officer's investigation prior to her arrest was not reasonable. We cannot see how allowing evidence of the prosecutor's evaluation of the case and the initiation of the case in the courts is any less admissible than the jury's ultimate not-guilty verdict.[3] Further, there is nothing before us which shows that Schroeder was denied the opportunity to present evidence to rebut Katcher's opinion or fact testimony.

The fact that Katcher first learned of the facts of the case after Schroeder was arrested does not make his opinion on whether there was probable cause to arrest Schroeder inadmissible based on the court's motion in limine ruling. In reaching his opinion, Katcher did not consider facts acquired after Schroeder was arrested but considered only the facts in the file that were acquired by Officer Sitzmann before Schroeder was arrested. Likewise, he prepared the trial information and minutes of testimony for the judge's approval based only on the information contained in the file—pre-arrest facts. The fact that Katcher performed those functions after the arrest and testified to them does not make those facts evidence that should have been excluded by the court's ruling on the

---

[3] We render no opinion as to the admissibility of Katcher's testimony if plaintiff had not sought to introduce evidence of the not guilty verdict or had in fact not introduced such evidence.

motion in limine. We conclude the court did not abuse its discretion in rejecting Schroeder's challenge to Katcher's testimony on these grounds.

Because we find no abuse of discretion in the court's evidentiary rulings Schroeder challenges on appeal, we affirm the jury's verdict.

**AFFIRMED.**